1   JAMES E. HART, Bar No. 194168
    jhart@littler.com
2   P. DUSTIN BODAGHI, Bar No. 271501
    dbodaghi@littler.com
3   LITTLER MENDELSON, P.C.
    18565 Jamboree Road, Suite 800
4   Irvine, CA 92612
    Telephone: 949.705.3000
5   Facsimile:  949.724.1201

6   Attorneys for Defendant
    INTERSTATE MANAGEMENT COMPANY,
7   LLC

8   (Signatures Continued On Next Page)

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

12  ANGELA BOONE, in her individual          Case No.   8:19-cv-01208 CJC (SSx)
    and representative capacity ,            ASSIGNED TO THE HONORABLE
                                             JUDGE CORMAC J. CARNEY
13              Plaintiff,
                                             **JOINT STIPULATION RE:**
14  v.
                                             **1) FILING SECOND-AMENDED**
15  1NTERSTATE MANAGEMENT                    **COMPLAINT;**
    COMPANY, L.L.C. and DOES 1
16  through 10, inclusive,                   **2) APPROVING PAGA**
                                             **SETTLEMENT AND DISMISSING**
17              Defendants.                  **PAGA CLAIMS  WITH**
                                             **PREJUDICE;**
18
                                             **3) DISMISSING CLASS ACTION**
19                                           **CLAIMS WITHOUT PREJUDICE;**
                                             **AND**
20
                                             **4) DISMISSING INDIVIDUAL**
21                                           **CLAIMS  WITH PREJUDICE**

22

23                                           FAC Filed:         5/12/2019
                                             Complaint Filed:   4/29/2019
24

25

26

27

28

1    CORBETT H. WILLIAMS, Bar No. 246458
     cwilliams@chwilliamslaw.com
2    LAW OFFICES OF CORBETT H. WILLIAMS
     24422 Avenida de la Carlota, Suite 370
3    Laguna Hills, California 92653
     Telephone:949.679.9909
4    Facsimile: 949.535.1031

5    JAMES B. HARDIN, Bar No. 205071
     jhardin@hardinemploymentlaw.com
6    HARDIN LAW GROUP, APC
     23 Corporate Plaza Drive, Suite 150
7    Newport Beach, California 92660
     Telephone: (949) 337-4810
8    Facsimile: (949) 209-4853

9    Attorneys for Plaintiff
     ANGELA BOONE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
18565 Jamboree Road, Suite 800
Irvine, CA 92612
949.705.3000

2.

Plaintiff    Angela    Boone    ("Plaintiff")    and    Defendant    INTERSTATE
MANAGEMENT COMPANY, LLC ("Defendant") (collectively "the Parties"), by and
through their respective counsel of record, hereby stipulate and agree to a settlement of
all claims raised in this action (the "Action") based on the following:

A. On April 29, 2019, Plaintiff filed a putative Class Action and Collective
Complaint ("Complaint") and, on May 13, 2019, a putative First-Amended Class Action
and Collective Complaint ("FAC") against Defendant in the Superior Court of the State
of California for the County of Orange, Case No. 30-2019-01066745-CU-OE-CXC (the
"State Court Action").

B. The Complaint alleges class and collective allegations on behalf of Plaintiff
and non-exempt employees in California seeking recovery for unpaid overtime,
minimum wages (including liquidated damages), unpaid meal and rest periods
premiums, inaccurate wage statements, final wages not timely paid, and attorneys'
fees, during her employment with Defendant, from approximately June 2015 through
April 2019, and up to the present (the "Putative Class");

C. Defendant filed its Answer on June 14, 2019;

D. Defendant removed the case to this Court on or around June 17, 2019;

E.  On August 10, 2020 the Parties successfully mediated before the Lisa
Klerman;

F.  Absent an ability to maintain confidentiality by filing the Agreement under
seal, the Parties intend dismissal the case pursuant to Federal Rule of Civil Procedure
41(a)(1)(A)(ii) and *Martin v. Spring Break 83' Productions, L.L.C.*, 668 F.3d 247 (5th
Cir. July 24, 2012).  The Parties therefore seek to submit Settlement Agreement under
seal;

G. The Parties also reached an agreement to settle and resolve California
Private Attorney General Act ("PAGA") claims asserted in a yet-to-be filed Second-
Amended Complaint solely on behalf of Plaintiff individually and seek approval of
the Court pursuant to the PAGA and California's policy of encouraging settlements

1    (see Labor Code section § 2699(*l*) [requiring the court to "review and approve any

2    settlement of any civil action filed pursuant to this part."]);

3        H. To achieve settlement the Parties respectfully ask for the following:

4        1) the filing of the Second -Amended Complaint with individual PAGA

5    claims to Plaintiff for purpose of approval and dismissal pursuant to Labor Code

6    section § 2699(*l*);

7        2) approval of the PAGA settlement and dismissal of all PAGA claims

8    specific to Plaintiff with prejudice and approval of individual claims brought by

9    Plaintiff on her own behalf pursuant to the Fair Labor Standards Act or FLSA;

10       3) dismissal of the class action claims without prejudice and without

11   notice; and

12       4) dismissal of the named Plaintiff's individual claims with prejudice.

13       I. As to the addition of a PAGA claim and approval of the settlement, Plaintiff

14   wishes to, with the Court's approval, file a Second-Amended Complaint by way of

15   this stipulation (and attached as **Exhibit "A"[1]**) that conforms with the settlement

16   agreement reached by the Parties;

17       J. Plaintiff affirms that the PAGA claims specific to Plaintiff only alleged in the

18   attached proposed Second-Amended Complaint are properly pleaded, properly

19   exhausted, timely, without procedural defect and are properly before the Court.

20       K. As to the dismissal of the class claims without prejudice, the Parties, subject

21   to any required court approval, have agreed to dismiss any class or group allegations

22   without prejudice and to resolve individual PAGA claims, because inter alia, of the

23   following: the substantive defenses to the overtime claim brought under the FLSA,

24   including the rule against pyramiding overtime; the certifiability, manageability,

25   commonality and other substantive defenses against a class action and any group

26   PAGA claim seeking to sue on behalf of any employees other Boone and/or on behalf

27

28   [1] Attached as **"Exhibit B"** is a copy of the Second-Amended Complaint showing in redline changes made to it in comparison to the First Amended Complaint.

of others than those in the specific hotel at which Boone worked, which includes the fact that Defendant only provides management services to various hotels; the mixture of exempt and non-exempt employees in a proposed class and potential group of aggrieved employees; the compliant meal and rest period policies applicable to employees related to meal and rest periods and time and attendance policies, including those requiring accurately reporting all time worked; the substantial risk that alleged missed meal and rest periods will be deemed individualized and require extensive individual inquiries into when class members took breaks, or if they did not, the circumstances surrounding, including decisions to waive meal and rest periods for individual reasons; the potential lack of numerosity of Boone's misclassification of executive chef subclass; the likelihood of individual issues concerning whether, when and under what circumstances putative class members worked, reported, and are entitled to additional pay; the potential individual issues of the off-the-clock allegation; the potential lack of common issues due to the heterogenous putative class that worked across a myriad of different types of hotel properties, under different supervisors, during different time periods; the potential lack of common issues due to a diversity in hotel positions, with varying credibility issues; and the ability of the Parties to individually resolve the claims; and the continuing ability of putative class members to pursue their claims individually or otherwise due to the dismissal of any class or collective claims without prejudice.

L.  The Parties recognize provisions in Federal Rule of Civil Procedure 23(e) that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval," which **before** Rule 23(e) was amended in 2003, applied to precertification dismissals and compromises.  *Diaz v. Trust Territory of the Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989); *see also Lyons v. Bank of America*, No. C 11-1232 CW, 2012 U.S. Dist. LEXIS 168230, 2012 WL 5940846, at *1 (N.D. Cal. Nov. 27, 2012).

M. The Parties further recognize that Federal Rule of Civil Procedure 23(e)

changed in 2003, as explicitly noted by the Advisory Committee:

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be -- and at times was -- read to require court approval of settlements with putative class representatives that resolved only individual claims. See Manual for Complex Litigation Third, § 30.41. The new rule requires approval only if the claims, issues, or defenses **of a certified class** are resolved by a settlement, voluntary dismissal, or compromise. Fed. R. Civ. P. 23 (Notes from 2003 Advisory Committee) (emphasis added).

N. Out of an abundance of caution, if this Court decides to analyze the instant request for voluntary dismissal without prejudice of the class claims, good cause exists for the dismissal because the dismissal without prejudice provides any remaining Putative Class members time to bring their own claims and the dismissal without prejudice of class claims does not prejudice any absent class members. (See *Diaz,* 872 F.2d at 1408.)

THEREFORE, IT IS HEREBY STIPULATED by and between the Parties, through their respective counsel of record, as follows:

## FILING OF SECOND AMENDED COMPLAINT

1.    The Parties stipulate to allow Plaintiff to file a Second-Amended Complaint, attached hereto as **Exhibit "A."** The Parties stipulate that Defendant's Answer on file to Plaintiff's First-Amended Complaint is hereby also deemed an Answer to Plaintiff's Second-Amended Complaint.

## APPROVAL OF PAGA SETTLEMENT AND DISMISSAL OF INDIVIDUAL PAGA CLAIMS WITH PREJUDICE

2.    The Parties have negotiated a settlement of the PAGA penalty claims.

3.    The Parties' PAGA Settlement Agreement was entered into in good faith and the settlement is fair, reasonable, and adequate, and the PAGA Settlement Agreement satisfies the standards and applicable requirements for approval of the settlement of a PAGA representative action under California law. The PAGA Settlement was negotiated at arm's-length by experienced counsel well versed in the intricacies of PAGA litigation. As detailed in his supporting declaration of Plaintiffs'

1    Counsel have litigated many PAGA actions and the settlement results in a fair

2    compromise of the PAGA claim.  (Declaration of Corbett H. Williams at ¶ 6).

3        4.    As detailed in the PAGA Settlement, the Parties have resolved the

4    individual matter for a payment of Two Hundred Dollars and Zero Cents ($200) and a

5    waiver of costs.  While Plaintiff's counsel believes that Plaintiff would prevail on her

6    individual claims, counsel does not anticipate the Court would impose PAGA

7    penalties due to the particular position she held as an executive chef and potential

8    defenses, including the company's good faith belief in the classification decision and

9    argument that it substantially complied with applicable legal standards.  (Declaration

10   of Corbett H. Williams at ¶ 5).  See *Hernandez v. BCI-Coca-Cola Bottling Co.,* 2012

11   WL 12272348, *7 (C.D. Cal. Apr. 12, 2012), aff'd, 554 Fed. Appx. 661 (9th Cir.

12   2014).  As the district court in *Hernandez* held, "'[u]nless the intent of the statute can

13   only be served by demanding strict compliance with its terms, substantial compliance

14   is the governing test'" (quoting *Downtown Palo Alto Com. for Fair Assessment v. City

15   Council*, 180 Cal. App. 3d 384, 394 (1986).  The Parties agree that PAGA Settlement

16   resolves Plaintiff's individual PAGA claims asserted in the Second-Amended

17   Complaint, as well as all claims for attorney's fees and costs brought under PAGA. To

18   achieve finality and comply with the recent case *Kim v. Reins*, 9 Cal.5th 73, 84 (2020),

19   the Parties have specifically amended the Complaint and negotiated a payment of Two

20   Hundred Dollars and Zero Cents ($200) and waiver of Defense costs to achieve

21   settlement of Plaintiff's individual PAGA claims.  See *Id.* (finding a plaintiff had

22   standing to pursue PAGA claims despite individual settlement agreement between the

23   parties).

24       5.    The Parties stipulate and agree that the settlement of Plaintiff's individual

25   PAGA claims should be approved by the Court pursuant to Labor Code section §

26   2699(l) and the Ninth Cause of Action for PAGA under the Second-Amended

27   Complaint be dismissed with prejudice.

28

LITTLER MENDELSON, P.C.
18565 Jamboree Road, Suite 800
Irvine, CA 92612
949.705.3000

7.

1    **DISMISSAL OF CLASS ACTION AND FLSA CLAIMS WITHOUT PREJUDICE**

2          6.       The Parties have agreed to dismiss the class action and FLSA claims

3    without prejudice as to the putative class members, but with prejudice as to the named

4    Plaintiff's ability to reassert class action claims as a named Plaintiff in this or any

5    future action against Defendant arising from the same transactions or occurrences at

6    issue in this action.  Plaintiff, Defendant, and their respective counsel have conducted

7    sufficient investigation to enable each party to determine that it is in its respective best

8    interests to enter into this Stipulation.  For purposes of settlement, Counsel for

9    Plaintiff acknowledges that the class actions claims are unable to proceed due to the

10   releases of claims in the individual settlement Agreement.

11         7.       Plaintiff and Defendant jointly request the Court approve a voluntary

12   dismissal of the class action claims without prejudice pursuant to Federal Rule of Civil

13   Procedure 23(e) and 41(a). Plaintiff and Defendant additionally request that the Court

14   not require notice of the dismissal to the absent members of the putative class.

15              **DISMISSAL OF INDIVIDUAL CLAIMS WITH PREJUDICE**

16         Contingent to the approval of this Stipulation and proposed order dismissing

17   class allegations in this Action without prejudice and approval of individual PAGA

18   settlement, the Parties have entered into general releases of any and all claims, which

19   resolve the claims asserted in the operative Second-Amended Complaint.  Because the

20   Agreement includes a release of claims under the FLSA and the Parties intend for the

21   Agreement, including the FLSA provisions, to be final and binding with or without

22   court approval, pursuant to *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d

23   247 (5th Cir. July 24, 2012); *Mei Xing Yu, et al v. Hasaki Restaurant, et al.*, 2019 WL

24   6646618, 412-414 (2nd Cir.2019).  Because the Agreement includes a compromise of

25   Plaintiff's FLSA claims and the Agreement was not supervised by the Secretary of

26   Labor, some case law indicates that judicial approval of the Agreement is required.

27   *See Manning v. New York Univ.*, No. 98 CIV 3300 (NRB), 2001 WL 963982, *11

28   (S.D.N.Y. Aug. 22, 2001), *aff'd*, 299 F.3d 156 (2d Cir. 2002).  Accordingly, pursuant

1  to this authority, the Parties have sought permission to submit a copy of their

2  confidential Agreement to the Court under seal for review and approval and ask that

3  the Court approval settlement of the FLSA claims.

4

5

6

7      Dated:  October 26, 2020                    **HARDIN LAW GROUP, APC**

8

9                                                  */s/ James B. Hardin*
                                                   James B. Hardin
10                                                 Attorneys for Plaintiff
                                                   ANGELA BOONE
11

12 Dated:   October 26, 2020                    LITTLER MENDELSON, P.C.

13

14                                                 */s/ P. Dustin Bodaghi*
                                                   JAMES E. HART
15                                                 P. DUSTIN BODAGHI
                                                   Attorneys for Defendant
16                                                 INTERSTATE MANAGEMENT
                                                   COMPANY, LLC
17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
*ANGELA BOONE V. INTERSTATE MANAGEMENT COMPANY, LLC, et al.*

<u>*United States District Court No.:8:19−cv−01208 CHC (SSx)*</u>

       I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 2050 Main Street, Suite 900, Irvine, California 92614.

       On October 26, 2020, I served the within document(s) described as: **JOINT STIPULATION RE:  1) FILING SECOND-AMENDED COMPLAINT; 2) APPROVING PAGA SETTLEMENT AND DISMISSING PAGA CLAIMS WITH PREJUDICE;  3) DISMISSING CLASS ACTION CLAIMS WITHOUT PREJUDICE;  AND 4) DISMISSING INDIVIDUAL CLAIMS  WITH PREJUDICE** on the interested parties by placing  ☐ the original [or] ☒ a true copy thereof ☐ to interested parties as follows [or] ☒ as stated on the below service list:

*Attorneys for Plaintiff, ANGELA BOONE*

| | |
|---|---|
| Corbett H. Williams (Bar No. 246458)<br>LAW OFFICES OF CORBETT H. WILLIAMS<br>24422 Avenida de la Carlota, Suite 370<br>Laguna Hills, California 92653 | Telephone: (949) 679-9909<br>Facsimile: (949) 535-1031<br>Email:  cwilliams@chwilliamslaw.com |
| James B. Hardin (Bar No. 205071)<br>HARDIN LAW GROUP, APC<br>23 Corporate Plaza Drive, Suite 150<br>Newport Beach, California 92660 | Telephone: (949) 337-4810<br>Facsimile: (949) 209-4853<br>jhardin@hardinemploymentlaw.com<br>brice@hardinemploymentlaw.com |

as follows:

    ☒    **BY NOTICE OF ELECTRONIC FILING**, which is a notice automatically generated by the CM/EF system at the time the document(s) listed above was filed with this Court, to lead counsel listed by CM/ECF  as "ATTORNEY TO BE NOTICED."

       I hereby certify that I am employed in the Office of a member of the Bar of this Court at whose direction the service was made.  Executed on October 26, 2020, at Irvine, California

               /s/ Evangeline Granados
               Evangeline Granados

4849-4304-0972.1 095140.1002

EXHIBIT "A"

Corbett H. Williams (Bar No. 246458)
cwilliams@chwilliamslaw.com
**LAW OFFICES OF CORBETT H. WILLIAMS**
24422 Avenida de la Carlota, Suite 370
Laguna Hills, California 92653
Telephone: (949) 679-9909
Facsimile: (949) 535-1031

James B. Hardin (Bar No. 205071)
jhardin@hardinemploymentlaw.com
**HARDIN LAW GROUP, APC**
23 Corporate Plaza Drive, Suite 150
Newport Beach, California 92660
Telephone: (949) 337-4810
Facsimile: (949) 209-4853

Attorneys for Plaintiff
ANGELA BOONE

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

| | |
|---|---|
| ANGELA BOONE, in her individual and representative capacity,<br><br>Plaintiff,<br><br>v.<br><br>INTERSTATE MANAGEMENT COMPANY, L.L.C. and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br>**AMENDED CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR:**<br><br>1. **VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. 201, *et seq.* (Unpaid Overtime Wages);**<br>2. **VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, AND 1197.1 (Unpaid Overtime Wages);**<br>3. **VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, 1194.2, 1197 and 1197.1 (Unpaid Overtime, Straight Time and Minimum Wages)**<br>4. **VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7, 226.7(b), and 512 (Meal Periods)**<br>5. **VIOLATION OF CALIFORNIA LABOR CODE § 226.7 (Rest Breaks)**<br>6. **VIOLATION OF CALIFORNIA LABOR CODE § 226(a) (Wage Statements);**<br>7. **VIOLATION OF CALIFORNIA LABOR CODE §§ 201 and 202 (Wages Not Timely Paid Upon Termination);**<br>8. **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *et seq.*; and** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**9. INDIVIDUAL CLAIM UNDER CALIFORNIA PRIVATE ATTORNEY GENERAL ACT § 2699, et seq.**

**JURY TRIAL DEMANDED**

AMENDED COMPLAINT

Plaintiff ANGELA BOONE ("PLAINTIFF") alleges as follows against defendants INTERSTATE MANAGEMENT COMPANY, L.L.C. ("IMC") and DOES 1 through 10, inclusive (collectively, "DEFENDANTS"):

## NATURE OF THE ACTION

1.     This is a class and collective action that arises out of IMC's systemic unlawful treatment of PLAINTIFF and other similarly situated current and former employees who are entitled to overtime pay under the federal Fair Labor Standards Act ("FLSA"). PLAINTIFF alleges that she and other non-exempt employees of IMC throughout the United States were and are the subject of an unlawful policy whereby IMC fails to compensate non-exempt employees at overtime rates for hours worked in excess of 40 hours in a workweek, but not in excess of 8 hours in a day. Accordingly, PLAINTIFF and all similarly situated employees of IMC throughout the United States are entitled to unpaid overtime wages from IMC as well as liquidated damages pursuant to the FLSA.

2.     Additionally, PLAINTIFF, a resident of Orange County, California and employed by IMC in California, alleges that IMC's practice of failing to pay non-exempt employees at overtime rates for hours worked in excess of 40 hours in a workweek, but not in excess of 8 hours in a day, violates California law concerning the payment of overtime wages. PLAINTIFF further contends that IMC engaged in a practice of misclassifying "executive chef" employees as exempt from overtime. Plaintiff alleges that such practice results in violation of numerous California wage and hour laws, including laws requiring the payment of minimum, straight and overtime wages, the provision of meal and rest periods, the furnishing of adequate wage statements and timely payment of all wages due upon termination. PLAINTIFF asserts all such claims on behalf of herself and one or more classes of similarly situated individuals employed by IMC in California.

## THE PARTIES

3.     Plaintiff ANGELA BOONE is an individual residing in Orange County, California.

4.     Defendant INTERSTATE MANAGEMENT COMPANY, L.L.C. is a Delaware limited liability company doing business in California. IMC is engaged in the business of managing hotels throughout California and the United States. According to its website, IMC "is the world's leading hotel management company." IMC operates approximately 430 hotels, resorts, and conference centers located

throughout the United States and internationally, including variously branded hotels such as Marriott, Westin, Hilton, Fairfield, Doubletree, and others. IMC manages in at least 77 hotels in California.

5.    PLAINTIFF is unaware of the true names and capacities, whether corporate or individual, or otherwise, of defendants named as DOES 1 through 10, inclusive. Pursuant to California Code of Civil Procedure section 474, PLAINTIFF will seek leave of court to amend this Complaint to state said defendants' true names and capacities when the same have been ascertained. PLAINTIFF is informed and believes, and based on such information and belief, alleges that said fictitiously-named defendants are responsible in some manner for the injuries and damages to PLAINTIFF as further alleged herein.

6.    PLAINTIFF is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to DEFENDANTS, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all DEFENDANTS were in accordance with, and represent the official policy of DEFENDANTS.

7.    PLAINTIFF is informed and believes, and on that basis alleges, that each defendant is the alter ego and joint employer, and is working in joint enterprise with, each and every other defendant. PLAINTIFF is further informed and believes, and on that basis alleges, that at all times relevant to this Complaint, each defendant was the agent or employee of each other defendant, and in the doing the acts alleged herein, was acting within the course and scope of such agency or employment, with the consent, provision, and authorization of each of the remaining defendants.  All actions of each defendant were ratified and approved by every other defendant.

8.    At all relevant times, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein. At all relevant times, DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

9.    PLAINTIFF is informed and believes, and thereon alleges, that each of said DEFENDANTS is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

/ / /

**JURISDICTION**

10.     This Court has jurisdiction over this matter under this Court's general powers granted by statutory law and the California Constitution.

11.     At all relevant times described herein, PLAINTIFF and many members of the alleged classes worked as employees of DEFENDANTS at one or more of their locations in or around the County of Orange, California.

**FACTUAL ALLEGATIONS**

12.     PLAINTIFF was continuously employed by IMC from June 20, 2015 through April 30, 2019. DEFENDANTS initially hired PLAINTIFF to work at the Marriott Laguna Cliffs in Dana Point, California as an on-call Banquet Server, and PLAINTIFF transitioned to the kitchen as Sous Chef in or about August 2016. Throughout the time she worked at the Marriott Laguna Cliffs, PLAINTIFF was classified as "non-exempt" and was entitled to overtime pay.

13.     During her service at the Marriott Laguna Cliffs in Dana Point, PLAINTIFF regularly worked time in excess of 8 hours per day and 40 hours per work week. DEFENDANTS however failed to compensate PLAINTIFF for overtime worked in excess of 40 hours in a single workweek but not in excess of 8 hours in a day. For example, if PLAINTIFF worked 40 hours in 5 days and worked an additional 8 hours on the sixth day, PLAINTIFF did not receive overtime pay for hours worked on the sixth day because, pursuant to DEFENDANTS' policy, they only paid daily overtime (i.e., in excess of 8 hours per workday) but not weekly overtime (i.e., in excess of 40 hours in a workweek).

14.     On November 6, 2017, IMC offered PLAINTIFF the position of "Executive Chef" at the Westin San Diego, located in San Diego, California. PLAINTIFF accepted the position and began work at the Westin San Diego on or about November 16, 2017. In that position, PLAINTIFF was classified as "exempt" and received a straight salary, meaning that regardless of the number of hours she worked, PLAINTIFF did not receive overtime pay.

15.     PLAINTIFF however was misclassified because she did not meet the criteria for exemption from the overtime laws whether under California law or the FLSA. Although PLAINTIFF did manage employees, including kitchen staff, and performed some managerial functions, the hotel kitchen was chronically understaffed. As a result, PLAINTIFF spent the vast majority her time on duty

AMENDED COMPLAINT

performing work that does not qualify for any exemption from overtime. In particular, while employed as "executive chef" at the Westin San Diego, PLAINTIFF spent most of her time performing line-employee duties, including cooking food, running food to hotel patrons, bussing tables, cleaning, and the like. PLAINTIFF worked long hours, including many hours in excess of 8 hours per day and 40 hours per week.

16.    While employed by DEFENDANTS at the Westin San Diego, PLAINTIFF observed that non-exempt co-workers were subjected to the same policy that PLAINTIFF herself experienced while working at the Marriott Laguna Cliffs. In particular, DEFENDANTS failed to pay such non-exempt workers at overtime rates for time worked in excess of 40 hours per work week, when such time did not exceed 8 hours in a single day.

17.    On information and belief, DEFENDANTS' unlawful failure to pay non-exempt employees at overtime rates for all time worked in excess of 40 hours in a workweek applies to all properties IMC managers in California and throughout the United States.

18.    On May 7, 2019, PLAINTIFF gave written notice through her counsel pursuant to the Private Attorneys General Act, Labor Code Sections 2698, *et seq*. ("PAGA") of IMC's violations of various provisions of the Labor Code, including as alleged herein, to the Labor and Workforce Development Agency ("LWDA"). Such notice was also sent to IMC through its registered agent for service of process on file with the California Secretary of State.

19.    If, within 60 days of the date of the written notice to the LWDA, the LWDA responds indicating that it does not intend to investigate DEFENDANTS' violations of the Labor Code, or if the LWDA fails to respond within 65 days of that date, PLAINTIFF intends to amend this Complaint to state a cause of action for civil penalties under the PAGA as provided by Labor Code Section 2699.3(a)(2)(C).

**NATIONWIDE COLLECTIVE ACTION ALLEGATOINS**

20.    Pursuant to 29 U.S.C.§ 216,  PLAINTIFF seeks to prosecute her FLSA claim as a collective action on behalf of all persons who are or were employed by DEFENDANTS at any time within three years prior to the filing of this Amended Complaint ("Collective Action Period") who were

not paid overtime for hours worked in excess of 40 hours in a workweek ("Collective Action Members").

21.    There are numerous similarly situated current and former employees of DEFENDANTS throughout the United States who would benefit from the issuance of a Court-supervised notice of the instant lawsuit and the opportunity to join the instant lawsuit. Those similarly situated employees are known to DEFENDANTS and are readily identifiable through DEFENDANTS' records.

22.    PLAINTIFF and other Collective Action Members are similarly situated because they were subjected to the same policy of DEFENDANTS in violation of the FLSA, namely DEFENDANTS' failure to pay such employees overtime rates for hours worked in excess of 40 hours in a workweek.

## CALIFORNIA CLASS ACTION ALLEGATIONS

23.    PLAINTIFF brings this action on behalf of herself and all others similarly situated as a class action pursuant to Section 382 of the Code of Civil Procedure.

24.    PLAINTIFF seeks to represent two classes of similarly situated employees:

   A. All individuals employed by DEFENDANTS during the Class Period in California classified by DEFENDANTS as non-exempt from the overtime provisions of the California Labor Code who did not receive overtime compensation for hours worked in excess of 40 hours in a workweek (the "NON-EXEMPT CLASS"); and

   B. All individuals employed by DEFENDANTS during the Class Period in California as "executive chef" (the "MISCLASSIFICATION CLASS").

25.    The members of the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS are so numerous that joinder of all members would be unfeasible and impractical.

26.    The precise scope of the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS can be defined by DEFENDANTS' records.

27.    There are questions of law and fact common among NON-EXEMPT CLASS members including: (i) whether the NON-EXEMPT CLASS members were subjected to an unlawful policy that failed to pay overtime rates for time worked in excess of 40 hours per work week, when such time did not exceed 8 hours in a single workday; (ii) whether, as a result of this policy and other generally

AMENDED COMPLAINT

applicable polices, NON-EXEMPT CLASS members are entitled to unpaid overtime; (iii) whether DEFENDANTS furnished wage statements to members of the NON-EXEMPT CLASS consistent with the requirements of California Labor Code Section 226(a); (iv) whether DEFENDANTS maintained accurate records of the gross and net wages earned and all applicable hourly rates and the corresponding number of hours worked at each hourly rate for the NON-EXEMPT CLASS; (v) whether the NON-EXEMPT CLASS sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; (vi) whether DEFENDANTS engaged in unfair business practices in violation of California Business & Professions Code 17200 *et seq.*; and (vii) whether there are additional remedies under the Labor Code or applicable Wage Orders due to the unpaid overtime. Certification of such matters is appropriate under California law. *Faulkinbury v. Boyd & Associates, Inc.*, 216 Cal. App. 4th 220, 233 (2013), review denied (July 24, 2013); *Abdullah v. U.S. Sec. Associates, Inc.*, 731 F.3d 952, 958 (9th Cir. 2013) cert. denied, 135 S. Ct. 53, 190 L. Ed. 2d 30 (2014).

28.    There are also questions of law and fact common among the MISCLASSIFICATION CLASS, including: (i) whether members of the MISCLASSIFICATION CLASS met the requirements of any exemption from the California overtime laws; (ii) whether DEFENDANTS failed to pay the MISCLASSIFICATION CLASS wages, including minimum, straight and overtime wages; (iii) whether the MISCLASSIFICATION CLASS was permitted to take timely 30-minute off-duty meal periods consistent with California law; (iv) whether the MISCLASSIFICATION CLASS was permitted to take timely rest breaks consistent with California law; (v) whether DEFENDANTS paid the MISCLASSIFICATION CLASS premiums for missed meal and rest periods; (vi) whether the MISCLASSIFICATION CLASS was timely paid all wages due upon separation from employment; (vii) whether DEFENDANTS furnished wage statements to members of the MISCLASSIFICATION CLASS consistent with the requirements of California Labor Code Section 226(a); (viii) whether DEFENDANTS maintained accurate records of the gross and net wages earned and all applicable hourly rates and the corresponding number of hours worked at each hourly rate for the MISCLASSIFICATION CLASS; (ix) whether the MISCLASSIFICATION CLASS sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; (x)

whether DEFENDANTS engaged in unfair business practices in violation of California Business & Professions Code 17200 *et seq*.

29.      These common issues of fact and law predominate over any individualized issues.

30.      PLAINTIFF's claims are typical of the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS members in that the PLAINTIFF and the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS members were exposed to the same unlawful, systematic and companywide policies discussed herein.

31.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32.      PLAINTIFF and her counsel will fairly and adequately protect the interests of the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS.

**FIRST CAUSE OF ACTION**

**Violation of the Fair Labor Standards Act [29 U.S.C. §§ 201, *et seq.*]**

**(By Plaintiff and Collective Action Members Against All Defendants)**

33.      PLAINTIFF, on behalf of herself and all Collective Action Members, incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

34.      During the Collective Action Period, DEFENDANTS have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

35.      During the Collective Action Period, DEFENDANTS employed, and/or continue to employ, PLAINTIFF and each of the Collective Action Members within the meaning of the FLSA.

36.      During the Collective Action Period, DEFENDANTS had annual gross revenues in excess of $500,000.

37.      PLAINTIFF expressly consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

38.      Throughout the Collective Action Period, DEFENDANTS had a policy and practice of failing to pay non-exempt employees overtime rates for time worked in excess of 40 hours per week in violation of the FLSA.

AMENDED COMPLAINT

39.     As a result of DEFENDANTS' willful failure to compensate its employees, including PLAINTIFF and the Collective Action Members, at overtime rates for all the hours worked in excess of 40 hours in a workweek, DEFENDANTS have violated and continue to violate the FLSA, including Sections 207(a)(1) and 215(a).

40.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

41.     Due to DEFENDANTS' FLSA violations, PLAINTIFF, on behalf of herself and the Collective Action Members, is entitled to recover from Defendant unpaid wages, as well as overtime compensation, an additional amount – equal to the unpaid wages and overtime – as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to § 216(b) of the FLSA.

## SECOND CAUSE OF ACTION

### Failure To Pay Overtime Wages [California Labor Code §§ 510, 1194, and 1197.1]

#### (By Plaintiff And NON-EXEMPT CLASS Against All Defendants)

42.     PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

43.     At all relevant times, DEFENDANTS failed to compensate PLAINTIFF proper overtime wages for overtime hours worked because of DEFENDANTS' unlawful policy that failed to pay overtime rates for time worked in excess of 40 hours per work week, when such time did not exceed 8 hours in a single work day.  Accordingly, during her employment with DEFENDANTS, PLAINTIFF and the NON-EXEMPT CLASS regularly worked overtime hours, without being paid the proper amount of overtime pay.

44.     DEFENDANTS' failure to pay PLAINTIFF and the NON-EXEMPT CLASS the unpaid balance of premium overtime compensation violates, among other provisions, sections 510, 1194, 1194.2 and 1197.1 of the Labor Code and applicable Wage Orders and is therefore unlawful.

45.     PLAINTIFF and the NON-EXEMPT CLASS are entitled to recover their unpaid overtime compensation, as well as penalties, interest, injunctive relief, costs, and attorneys' fees.

/ / /

/ / /

**THIRD CAUSE OF ACTION**

**Failure to Pay Overtime, Straight Time And Minimum Wages [California Labor Code §§ 510, 1194, 1194.2, 1197 and 1197.1]**

**(By PLAINTIFF And MISCLASSIFICATION CLASS Against All Defendants)**

46.     PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

47.     At all times during the time of her employment as "executive chef," PLAINTIFF was misclassified as "exempt" from the overtime provisions of the California labor laws.

48.     PLAINTIFF and all other members of the MISCLASSIFICATION CLASS, regularly worked in excess of eight (8) hours per day, and/or more than forty (40) hours per workweek.

49.     DEFENDANTS failed to pay PLAINTIFF and the MISCLASSIFICATION CLASS overtime wages when those employees worked in excess of eight (8) hours per day and/or forty (40) hours per week.

50.     DEFENDANTS also failed to pay PLAINTIFF and the MISCLASSIFICATION CLASS minimum and straight wages for time worked in excess of 8 hours per day and 40 hours per week.

51.     PLAINTIFF and the MISCLASSIFICATION CLASS are entitled to recover all unpaid wages, together with interest, penalties and attorneys' fees. Further, and pursuant to Labor Code Section 1194.2, PLAINTIFF and the MISCLASSIFICATION CLASS are entitled to recover to a liquidated damage equal to in an amount equal to the minimum wages unlawfully unpaid and interest thereon.

**FOURTH CAUSE OF ACTION**

**Failure To Provide Meal Periods [California Labor Code §§ 226.7, 226.7(b), and 512]**

**(By PLAINTIFF And MISCLASSIFICATION CLASS Against All Defendants)**

52.     PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

53.     At all relevant times, the applicable IWC Wage Order and California Labor Code Section 226.7 governed PLAINTIFF and the MISCLASSIFICATION CLASS employment by DEFENDANTS.

54.     At all relevant times, California Labor Code Section 226.7 provided that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.

55.     DEFENDANTS required PLAINTIFF and the MISCLASSIFICATION CLASS to work five (5) or more hours without authorizing or permitting an uninterrupted, duty-free thirty (30) minute meal period.

56.     DEFENDANTS failed to pay PLAINTIFF and the MISCLASSIFICATION CLASS the full missed-meal period premium due pursuant to California Labor Code Section 226.7.

57.     DEFENDANTS conduct violates the applicable IWC Wage Orders and California Labor Code Sections 226.7, 226.7(b), and 512.

58.     Pursuant to the applicable IWC Wage Order and California Labor Code Section 226.7(b), PLAINTIFF and the MISCLASSIFICATION CLASS are entitled to recover one additional hour of pay at the employee's regular hourly rate of compensation for each work day that the meal period was not provided.

### **FIFTH CAUSE OF ACTION**

### **Failure To Provide Rest Breaks [California Labor Code § 226.7]**

### **(By PLAINTIFF And MISCLASSIFICATION CLASS Against All Defendants)**

59.     PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

60.     At all relevant times, the applicable IWC Wage Order and California Labor Code Section 226.7 governed PLAINTIFF and the MISCLASSIFICATION CLASS employment by DEFENDANTS.

61.     At all relevant times, California Labor Code Section 226.7 provided that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

62.     DEFENDANTS required PLAINTIFF and the MISCLASSIFICATION CLASS to work four (4) or more hours without authorizing or permitting an uninterrupted ten (10) minute rest period per each four (4) hour period worked.

63.    DEFENDANTS failed to pay PLAINTIFF and the MISCLASSIFICATION CLASS the full missed-rest period premium due pursuant to California Labor Code Section 226.7.

64.    DEFENDANTS conduct violates the applicable IWC Wage Orders and California Labor Code Section 226.7.

65.    Pursuant to the applicable IWC Wage Order and California Labor Code Section 226.7(b), PLAINTIFF and the MISCLASSIFICATION CLASS are entitled to recover one additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

<u>**SIXTH CAUSE OF ACTION**</u>

<u>**Failure To Provide Proper Wage Statements [California Labor Code § 226(a)]**</u>

**(By PLAINTIFF, NON-EXEMPT CLASS And MISCLASSIFICATION CLASS Against All Defendants)**

66.    PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

67.    California Labor Code section 226(a) sets forth reporting requirements for employers when they pay wages: "Every employer shall . . . at the time of each payment of wages, furnish each of his or her employees . . . an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . . (5) net wages earned . . . , and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Cal. Lab. Code § 226(a). "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Cal. Lab. Code § 226(e)(1). "An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by . . . subdivision (a) . . . ."

68.     DEFENDANTS intentionally failed to furnish PLAINTIFF, the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS complete and accurate wage statements upon each payment of wages, in violation of California Labor Code section 226(a).  PLAINTIFF, the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS were injured and damaged by these failures because, among other things, these failures led them to believe they were not entitled to be paid wages for overtime and regular wages although they were so entitled.

69.     Pursuant to section 226(e) of the Labor Code, or other applicable law, PLAINTIFF, the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS are entitled to recover statutory penalties, interest, injunctive relief, costs, and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### Wages Not Timely Paid Upon Termination [Labor Code §§ 201 and 202]

**(By PLAINTIFF, NON-EXEMPT CLASS And MISCLASSIFICATION CLASS Against All Defendants)**

70.     PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

71.     At all relevant times, California Labor Code Sections 201 and 202 provided that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

72.     Defendants willfully failed to pay PLAINTIFF and members of the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving DEFENDANTS' employ.

73.     DEFENDANTS' failure to pay PLAINTIFF and class members all wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code Sections 201 and 202.

74.     California Labor Code Section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

75.     PLAINTIFF and members of the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS are entitled to recover from DEFENDANTS the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code Section 203.

### EIGHTH CAUSE OF ACTION

### Unfair Business Practices [California Business and Professions Code § 17200]

### (By PLAINTIFF, NON-EXEMPT CLASS And MISCLASSIFICATION CLASS Against All Defendants)

76.     PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

77.     DEFENDANTS' acts constitute continuing and ongoing unlawful activity prohibited by the Unfair Competition Law, California Business and Professions Code Sections 17200, *et seq.* ("UCL") and justify restitution, injunctive relief, together with any other remedy available pursuant to California Business and Professions Code Section 17203.

78.     California Labor Code section 90.5 articulates the public policy of California to vigorously enforce minimum labor standards, including the requirements to properly pay employees for all hours worked, provide accurate itemized wage statements and keep payroll records pursuant to the applicable Labor Code provisions and Wage Orders.  DEFENDANTS' conduct of, among other things, requiring PLAINTIFF and members of the NON-EXEMPT CLASS and MISSCLASSIFICATION CLASS to work without providing accurate itemized statements, providing meal and rest periods and failing to pay for all hours worked, including minimum, straight and overtime wages directly violates state law, constitutes unfair competition and unlawful and unfair acts and practices within the meaning of the UCL.

79.     For the four (4) years preceding this lawsuit, DEFENDANTS engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, including, but not limited to: (i) failing to compensate PLAINTIFF, the NON-EXEMPT CLASS and MISSCLASSIFICATION CLASS for all regular and overtime hours worked and at the proper minimum wage rate, regular rate and/or overtime wage rate; (ii) failing to furnish PLAINTIFF and the  NON-EXEMPT CLASS and MISSCLASSIFICATION CLASS timely itemized statements accurately showing the gross and net wages earned and all applicable hourly rates and the corresponding number of hours worked at each hourly rate and (iii) failing to provide PLAINTIFF and members of the MISCLASSIFICAITON CLASS compliant meal and rest periods.

80.     DEFENDANTS' use of such unlawful and unfair business practices constitutes unfair competition and provides an unfair advantage over its competitors.

81.     DEFENDANTS' wrongful business practices have caused injury to PLAINTIFF, the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS, depriving them of the minimum working standards and conditions due them under California law and the Industrial Welfare Commission Wage Orders.

82.     Pursuant to section 17203 of the California Business and Professions Code, PLAINTIFF seeks an order of this court enjoining DEFENDANTS from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the complaint.  PLAINTIFF also seeks an order requiring DEFENDANTS to make full restitution of all moneys it wrongfully obtained from PLAINTIFF, the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS.

**NINTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2698, *et seq.*)**

**(By Plaintiff Against all Defendants)**

83.     PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

.

AMENDED COMPLAINT

84.     The Private Attorneys General Act of 2004 ("PAGA") expressly establishes that any provision of the California Labor Code of which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA"), or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

85.     On May 7, 2019, PLAINTIFF provided written notice to the LWDA and DEFENDANTS of the specific provisions of the Labor Code she contends were violated, and the theories supporting her contentions. Attached hereto as Exhibit A and incorporated by reference is a copy of the written notice to the LWDA.  PLAINTIFF has exhausted the statutory time period to bring this action.

86.     PLAINTIFF is an "aggrieved employee" as defined by Labor Code section 2699(c) in that she is a former employee of DEFENDANTS, and one or more of the alleged violations was committed against her.

87.     PLAINTIFF alleges that DEFENDANTS violated the PAGA by including that Defendants violated California Labor Code §§ 201, 202, 203, 226(a), 226.7, 510, 558, 1194, and 1194.2.

**Failure to Pay Overtime, Straight Time and Minimum Wages**

88.     DEFENDANTS' failure to pay PLAINTIFF overtime in violation of the Wage Orders and California Labor Code sections 510 and 1194 and 1197.1as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 510 and 1194 and 1197.1.

**Failing to Provide Meal Periods**

89.     DEFENDANTS' failure to provide PLAINTIFF with legally required meal periods in violation of Wage Orders and California Labor Code sections 226.7 and 512(a), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 226.7 and 512(a) and 226.7(b).

**Failure to Provide Rest Periods**

90.     DEFENDANTS' failure to provide PLAINTIFF with legally required rest periods in violation of the Wage Orders and California Labor Code section 226.7, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226.7.

AMENDED COMPLAINT

**Failure to Timely Pay Wages Upon Termination**

91.    DEFENDANTS' failure to timely pay PLAINTIFF wages upon termination in violation of California Labor Code sections 201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 201 and 202.

**Failure to Provide Compliant Wage Statements**

92.    DEFENDANTS' failure to provide compliant wage statements in violation of California Labor Code section 226(a), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

93.    Pursuant to California Labor Code section 2699, PLAINTIFF individually requests and is entitled to recover from DEFENDANTS all civil penalties and other amounts awardable under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief and judgment as follows:

1.    Wages, civil penalties, and applicable statutory penalties;

2.    General and compensatory damages;

3.    Liquidated damages;

4.    Restitution;

5.    Pre-judgment and post-judgment interest;

6.    Attorneys' fees and costs reasonably incurred;

7.    Punitive and/or exemplary damage, if allowed;

8.    Injunctive relief as described herein;

9.    Equitable relief, if allowed;

10.    Such other relief that the Court deems proper.

Dated:  October 26, 2020                         **HARDIN LAW GROUP, APC**

By:

                                                James Hardin
                                                Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated:  October 26, 2020          **HARDIN LAW GROUP, APC**

By: _____
          James Hardin
          Attorneys for Plaintiff

# EXHIBIT "A"



May 7, 2019

**Via Certified U.S. Mail**

California Labor & Workforce
Development Agency
Attn: PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102
(Via Online Submission)

Interstate Management Company, L.L.C.
Attn: CS-Lawyers Incorporating Service
2710 Gateway Oaks Dr., Ste. 150N
Sacramento, CA 95833

Interstate Hotels & Resorts, Inc.
Attn: CS-Lawyers Incorporating Service
2710 Gateway Oaks Dr., Ste. 150N
Sacramento, CA 95833

Re:     PAGA Notice Pursuant to California Labor Code § 2699: Angela Boone v. Employer
        (Interstate Management Company, L.L.C. and/or Interstate Hotels & Resorts, Inc.)

Dear Sir and Madam:

        Please be advised that Angela Boone ("Plaintiff") has retained Hardin Law Group, APC
(and Law Offices of Corbett H. Williams) to represent her and other aggrieved employees for wage
and hour claims against her current employer, Interstate Management Company, L.L.C. and/or
Interstate Hotels & Resorts, Inc. and/or responsible entities or affiliates ("Employer" or "IMC").
This notice is being provided via certified mail to the Employer at their principal place of business
and agent for service of process (if any) and is being filed with the California Labor and Workforce
Development Agency ("LWDA") via the LWDA's electronic filing system under Section
2699.3(b) of the Labor Code.

# HARDIN
## LAW GROUP, APC

Plaintiff requests that the LWDA regard this Notice as written notice of her intent to seek civil penalties against Employer.  The specific provisions of the California Labor Code ("Labor Code") that Employer has violated requiring this notice include, but are not limited to Labor Code sections 201-203, 204, 206, 210, 216, 218.5, 226, 226.3, 226.6, 226.7, 227.3, 256, 510, 512, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1199, and all applicable Wage Orders and other applicable laws.

## The Employer

Employer is Delaware Limited Liability Company doing business in California, as Interstate Hotels & Resorts among other things, which hires California residents as employees within the State of California.  Employer and its managing agents own and operate a hotel management company with approximately 430 hotels, resorts, and conference centers located throughout the United States and internationally, including variously branded hotels such as Marriott, Westin, Hilton, Fairfield, Doubletree, and others. Plaintiff is informed and believes that Employer generally employs more than 50 employees working within California. Plaintiff is informed and believes that Employer and any relevant affiliates constitute "joint employers" for all relevant purposes under California law.

Employer has violated or caused to be violated several Labor Code provisions and is therefore liable for civil penalties under California Labor Code §§ 2698-2699.5, *et seq*.  Plaintiff respectfully requests that your agency investigate the claims alleged against it herein.  This letter will serve as notice of these allegations pursuant to the Private Attorney Generals Act of 2004 ("PAGA").  Cal. Lab. Code § 2699.3.

## Plaintiff and Aggrieved Employees

From June 23, 2015 through April 2019, Plaintiff was continuously employed by Employer in California.  Plaintiff was initially hired to work as an on-call Banquet Server at Employer's Marriott Laguna Cliff's hotel in Dana Point, California, and then she transitioned to Sous Chef at the same hotel in or about August 2016. On or about November 6, 2017, Plaintiff transferred to work at Employer's Westin hotel in San Diego, California as a purported "Executive Chef," where she worked continuously until May 2019.

When Plaintiff worked at the Marriott Laguna Cliff's hotel in Dana Point, she was classified as "non-exempt" and was entitled to overtime pay.  Plaintiff regularly worked time in excess of eight (8) hours per day and forty (40) hours per work week. Employer, however, failed to compensate Plaintiff for overtime worked in excess of 40 hours in a single workweek but not in excess of 8 hours in a day. For example, if Plaintiff worked 40 hours in 5 days and worked an additional 8 hours on the sixth day, Plaintiff did not receive overtime pay for hours worked on the



sixth day because, pursuant to Employer's policy, it only paid daily overtime (i.e., in excess of 8 hours per workday) but not weekly overtime (i.e., in excess of 40 hours in a workweek). Moreover, when Plaintiff subsequently worked as a manager at the Westin hotel in San Diego, Plaintiff personally observed that non-exempt co-workers were subjected to the same policy – i.e., Employer failed to pay such non-exempt workers at overtime rates for time worked in excess of 40 hours per work week, when such time did not exceed 8 hours in a single day.

When Plaintiff worked at the Westin hotel in San Diego, Plaintiff was classified as "exempt," meaning that regardless of the number of hours she worked, Plaintiff did not receive overtime pay. Plaintiff however was misclassified. Although Plaintiff did manage employees, including kitchen staff, and performed some managerial functions, the hotel kitchen was chronically understaffed. As a result, Plaintiff spent the vast majority her time on duty performing work that does not qualify for any exemption from the overtime, whether under California, or federal law. In particular, while employed as "executive chef" at the Westin San Diego, Plaintiff spent most of her time performing line-employee duties including cooking food, running food to hotel patrons, bussing tables, cleaning, and the like. Throughout her tenure as "Executive Chef" at the Westin San Diego, Plaintiff worked long hours, including many hours in excess of 8 hours per day and 40 hours per week. Despite not falling within any exemption to the overtime laws, Plaintiff was paid a straight salary.

Employer uses an array of similarly situated employees to carry out the same or similar functions as Plaintiff at its hotel properties throughout California (collectively "Aggrieved Employees"). At all relevant times, Plaintiff was an aggrieved employee, as defined in Labor Code section 2699(c) as: "any person who was employed by the alleged violator and against whom one or more violations was committed." Plaintiff seeks recovery for the Labor Code violations set forth herein on behalf of herself and other current and former employees, including but not limited to all similarly situated employees in the State of California within one year of the filing of this Notice and who were subject to the same or similar Labor Code and Wage Order violations as Plaintiff.

Employer subjected Plaintiff and Aggrieved Employees to various unlawful wage and hour practices, including but not limited to, as stated herein: (1) failing to pay overtime; (2) failing to pay minimum wages and straight wages; (3) failing to provide uninterrupted off-duty meal periods and/or required penalties; (4) failing to provide uninterrupted off-duty rest periods and/or required penalties; (5) failing to maintain adequate records; (6) failing to furnish accurate wage statements; and (7) failing to timely pay all wages due upon termination.

# HARDIN
## LAW GROUP, apc

**Labor Code Violations**

## Unlawful Failure to Pay Overtime (Lab. Code §§ 510, 558, 1194)

Employer regularly failed to pay Plaintiff and Aggrieved Employees earned overtime wages by, among other things: (1) failing to compensate Plaintiff and Aggrieved Employees for overtime worked in excess of 40 hours in a single workweek but not in excess of 8 hours in a day; and (2) misclassifying Plaintiff and Aggrieved Employees as exempt employees and therefore failing to compensate them for the many hours of overtime they work and for which they are entitled to be paid. Moreover, Plaintiff and Aggrieved Employees have been denied "the unpaid balance of the full amount of this . . . overtime compensation" as required by Labor Code section 1194, and Employer is liable for civil penalties pursuant to Labor Code section 2698 *et seq.*

As a result of violations of the Labor Code sections 510, 1194, and applicable Industrial Welfare Commission Wage Orders ("wage orders") for failure to pay overtime, Employer is liable for civil penalties pursuant to Labor Code sections 558 and 2698 *et seq.*

## Unlawful Failure to Pay Minimum Wages and Straight Wages (Lab. Code §§ 1182.12, 1194, 1194.2, 1197, 1197.1)

Employer regularly failed to pay Plaintiff and Aggrieved Employees earned minimum wages and straight time wages by, among other things, misclassifying Plaintiff and Aggrieved Employees as exempt employees and therefore failing to compensate them for the many hours of minimum wages and straight time wages they work and for which they are entitled to be paid as required by Labor Code sections 1182.12, 1194, 1194.2, 1197, 1197.1, and applicable wage orders. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

As a result of violations of Labor Code sections 1182.12, 1194, 1194.2, 1197, 1197.1, 1199 and applicable wage orders for failure to pay minimum wage, Employer is liable for civil penalties pursuant to Labor Code sections 558, 1197.1, and 2698 *et seq.*

## Unlawful Failure to Provide Uninterrupted Off-Duty Meal Periods (Lab. Code §§ 226.7, 512, 1194)

Labor Code section 512 and Work Order 5, section 12(A)-(C) require every California employer to provide all non-exempt employees a duty-free meal period of not less than 30 minutes, for a work period of more than five (5) hours, "except that if the total work period per day is not more than six (6) hours, the meal period may be waived by mutual consent of the employer and employee. An employer may not employ and employee for a work period of more than ten (10)



hours per day without providing the employee with a second meal period of not less than 30
minutes, except that if the total hours work is no more than 12 hours, the second meal period may
be waived by mutual consent of the employer and the employee only if the first meal period was
not waived." Under subdivision (a) of Labor Code section 226.7, an employer shall not require an
employee to work during meal periods mandated by state law. Subdivision (c) provides that "[i]f
an employer fails to provide an employee a meal . . . period in compliance with an applicable
statute, wage order, etc. . . . the employer shall pay the employee one (1) additional hour of pay at
the employee's regular rate of compensation for each workday that the meal . . . period is not
provided."

   Employer has, by misclassifying Plaintiff and Aggrieved Employees as exempt among
other things, failed to: (1) maintain a policy that provides Plaintiff and Aggrieved Employees with
off-duty meal periods as required by California law; (2) provide Plaintiff and Aggrieved
Employees with a reasonable opportunity to take their meal periods at the appropriate times; and
(3) failed to pay Plaintiff and Aggrieved Employees an additional hour of pay at their regular rate
of pay for each missed or late meal period. Among other things, Plaintiff and Aggrieved
Employees were regularly not provided required meal periods or required to take untimely,
interrupted, or non-duty free meal periods without receiving an additional hour of pay at their
regular rate of for each such meal period.

   As a result of Employer's violations of Labor Code sections 226.7, 226.7(b), 512, and
1198, Employer is liable for civil penalties pursuant to Labor Code section and 2698 *et seq.*

<u>**Unlawful Failure to Provide Uninterrupted Off-Duty Rest Periods (Lab. Code §§ 226.7,
512, 1194)**</u>

   Labor Code section 226.7 and Work Order 5 section 12(A) require every California
employer to authorize and permit all non-exempt employees to take rest periods at the rate of ten
(10) minutes net rest time per four (4) hours, or a major fraction thereon. Under subdivision (a),
an employer shall not require an employee to work during rest periods mandated by state law.
Subdivision (c) provides that "[i]f an employer fails to provide an employee a rest period in
compliance with an applicable statute, wage order, etc. . . the employer shall pay the employee one
(1) additional hour of pay at the employee's regular rate of compensation for each workday that
the rest . . . period is not provided."

   Employer has, by misclassifying Plaintiff and Aggrieved Employees as exempt among
other things, failed to: (1) maintain a policy that provides Plaintiff and Aggrieved Employees with
off-duty rest periods as required by California law; (2) provide Plaintiff and Aggrieved Employees
with a reasonable opportunity to take their rest periods at the appropriate times; and (3) failed to
pay Plaintiff and Aggrieved Employees an additional hour of pay at their regular rate of pay for



each missed or late rest period.  Among other things, Plaintiff and Aggrieved Employees were regularly not provided required rest periods or required to take untimely, interrupted, or non-duty free rest periods without receiving an additional hour of pay at their regular rate of for each such rest period.

As a result of Employer's violations of Labor Code sections 226.7, 226.7(b), and 512, Employer is liable for civil penalties pursuant to Labor Code section 2698 *et seq.*

### Unlawful Failure to Maintain Adequate Records (Lab. Code §§ 1174, 1174.5),

Labor Code section 1174 states, in pertinent part, that "[e]very person employee labor in this state shall . . . (c) Keep a record showing the names and addresses of all employees employed . . . [and] (d) Keep, at a central location in the state . . . or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to . . . employees employed at the respective . . . establishments.  These records shall be kept . . . in a file for not less than three years. . . Likewise, Wage Order 5, section 7 requires that "(A) [e]very employer shall keep accurate information with respect to each employee including the following: (1) the full name, home address, occupation and social security number (2) Birth date . . . (3) Time records showing when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked shall also be recorded . . . (5) Total hours worked in the payroll period and the applicable rates of pay.  This information shall be made readily available to the employee upon reasonable request . . . ."  In addition, Labor Code section 353 also requires employers to keep accurate records of all gratuities or tips they receive, directly or indirectly, which may not be collected by "managers" or owners under Labor Code section 351.  Labor Code section 1174.5 provides that "any person employing labor who willfully fails to maintain the records required under subdivision (c) of section 1174 or accurate or complete records required by subdivision (d) of section 1174 . . . shall be subject to a civil penalty of five hundred dollars ($500).  Subdivision (d) of section 1174.5 states that "[a]ny person, or officer or agent thereof, is guilty of a misdemeanor who fails to keep any of the records required by section 1174.

For the reasons and bases noted herein, Employer has, among other things, willfully failed to adequate records regarding Plaintiff and Aggrieved Employees. As a result of Employer's violations of Labor Code sections 1174 and 1174.5, Employer is liable for civil penalties pursuant to Labor Code sections 1174.5 and 2698 *et seq.*

### Unlawful Failure to Furnish Accurate Wage Statements (Lab. Code §§ 226, 226.3)

Labor Code section 226 requires an employer to provide employees with accurate itemized wage statements showing (1) gross wages earned, (2) total hours worked by an non-exempt employee, (3) piece rates, if applicable, (4) all deductions, (5) net wages earned, (6) the inclusive



dates of the period for which the employee is being paid, (7) the name of the employee and his or her social security number or identification number, (8) the name and address of the legal entity that is the employer, and (9) all hourly rates in effect and the corresponding number of hours worked.  In addition, any payment made in cash must be accompanied by an itemized wage statement that meets the conditions set forth above.  Wage Order 5, section 7(B) requires an employer to provide the same information.

Labor Code 226.3 provides that "any employer who violates subdivision (a) of section 226 shall be subject to a civil penalty in the amount of two-hundred and fifty dollars ($250) per employee per violation in an initial citation, and one-thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records in subdivision (a) of section 226.  The penalties provided for in this section are in addition to any other penalty provided by law."

Employer has violated Labor Code section 226(a) by willfully failing to furnish Plaintiff and Aggrieved Employees with itemized wage statements accurately stating, among other things, gross wages earned, total hours worked, deductions, net wages earned, and hourly rates and number of hours worked.

As a result of violations of Labor Code section 226(a), Employer is liable for civil penalties pursuant to Labor Code sections 226.3 and 2698 *et seq.*

### Unlawful Failure to Timely Pay Wages Owed Upon Termination (Lab. Code §§ 201-208, 218.5, 227.3, 1199)

Labor Code section 201 provides "if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.  Labor Code section 202 provides "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting."  Labor Code section 208 requires that all final wages be paid to an employee who is terminated at the place of discharge and to an employee who voluntarily resigns at the place where the employee has been working.

Employer has violated Labor Code sections 201 and 202 by willfully failing to timely pay all compensation due and owing to certain former Aggrieved Employees at the time employment was terminated because of, as noted herein, said unpaid overtime wages, regular wages, minimum wages, one-hour penalties for missed, interrupted, or untimely meal periods and rest periods, and unreimbursed work-related expenses, among others.

# HARDIN

## LAW GROUP, APC

Labor Code sections 201 and 227.3 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.  Labor Code section 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours' notice of quitting, in which case all compensation is due at the end of the employee's final day of work. Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by sections 201 or 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

Pursuant to Labor Code section 1199, "Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following: (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission. (b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission. (c) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission."

Employer willfully failed to pay Aggrieved Employees no longer employed by it all compensation due upon termination of employment as required under Labor Code sections 201 and 202.  Pursuant to sections 203 and 256 of the Labor Code, Plaintiff and similarly situated individuals are now entitled to recover up to thirty (30) days of wages due to Employer's willful failure to comply with the statutory requirements of sections 201 and 202 of the Labor Code.  In addition, because Employer violated Labor Code sections 201, 202, and 203, Employer is liable for civil penalties pursuant to Labor Code section 2698 *et seq.*

As a result of Employers' violations of Labor Code sections 201-204, 206, 216, and 512, 1174, Employer is liable for civil penalties pursuant to Labor Code sections 210 and 2698 *et seq.*

## <u>Unlawful Violation of Labor Code § 1199</u>

Under Labor Code sections 1199(a) and (c) and 2699.5 *et seq.*, an employer who "requires or causes an employee to work for longer hours than those fixed" or "violates or refuses or neglects to comply with any provision of" the Labor Code regarding employees' wages, hours, and working conditions is subject to PAGA penalties.  Employers have violated the Labor Code in various ways set forth herein.



**<u>Conclusion</u>**

Employer has violated or caused to be violated a number of California wage and hour laws. Plaintiff requests that the agency investigate the above allegations and provide notice of the allegations pursuant to PAGA's provision. Alternatively, Plaintiff requests the agency inform them if it does not intend to investigate these violations so that they may include in their lawsuit the violations discussed this letter.

Very truly yours,

HARDIN LAW GROUP, APC

James B. Hardin

JBH/br

# EXHIBIT "B"

1  Corbett H. Williams (Bar No. 246458)
   cwilliams@chwilliamslaw.com
2  **LAW OFFICES OF CORBETT H. WILLIAMS**
   24422 Avenida de la Carlota, Suite 370
3  Laguna Hills, California 92653
   Telephone: (949) 679-9909
4  Facsimile: (949) 535-1031

5  James B. Hardin (Bar No. 205071)
   jhardin@hardinemploymentlaw.com
6  **HARDIN LAW GROUP, APC**
   23 Corporate Plaza Drive, Suite 150
7  Newport Beach, California 92660
   Telephone: (949) 337-4810
8  Facsimile: (949) 209-4853

9  Attorneys for Plaintiff
   ANGELA BOONE

10

11                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                      **FOR THE COUNTY OF ORANGE**

13  ANGELA BOONE, in her individual and          Case No.:
    representative capacity,
14                                               **AMENDED CLASS ACTION AND**
                                                 **COLLECTIVE ACTION COMPLAINT FOR:**
15              Plaintiff,
                                                 1.  **VIOLATION OF THE FAIR LABOR**
16        v.                                         **STANDARDS ACT, 29 U.S.C. 201,** *et seq.*
                                                     **(Unpaid Overtime Wages);**
17  INTERSTATE MANAGEMENT COMPANY,              2.  **VIOLATION OF CALIFORNIA LABOR**
    L.L.C. and DOES 1 through 10, inclusive,        **CODE §§ 510, 1194, AND 1197.1 (Unpaid**
18                                                   **Overtime Wages);**
                Defendants.                      3.  **VIOLATION OF CALIFORNIA LABOR**
19                                                   **CODE §§ 510, 1194, 1194.2, 1197 and**
                                                     **1197.1 (Unpaid Overtime, Straight Time**
20                                                   **and Minimum Wages)**
                                                 4.  **VIOLATION OF CALIFORNIA LABOR**
21                                                   **CODE §§ 226.7, 226.7(b), and 512 (Meal**
                                                     **Periods)**
22                                               5.  **VIOLATION OF CALIFORNIA LABOR**
                                                     **CODE § 226.7 (Rest Breaks)**
23                                               6.  **VIOLATION OF CALIFORNIA LABOR**
                                                     **CODE § 226(a) (Wage Statements);**
24                                               7.  **VIOLATION OF CALIFORNIA LABOR**
                                                     **CODE §§ 201 and 202 (Wages Not Timely**
25                                                   **Paid Upon Termination);** ~~and~~
                                                 **8.**  **VIOLATION OF CALIFORNIA**
26                                                   **BUSINESS & PROFESSIONS CODE §§**
                                                     **17200,** *et seq.***; and**
27                                               ~~8.~~**9.** **INDIVIDUAL CLAIM UNDER**
                                                     **CALIFORNIA PRIVATE ATTORNEY**
28                                                   **GENERAL ACT § 2699, et seq.**

                              - 1 -

**JURY TRIAL DEMANDED**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AMENDED COMPLAINT

Plaintiff ANGELA BOONE ("PLAINTIFF") alleges as follows against defendants INTERSTATE MANAGEMENT COMPANY, L.L.C. ("IMC") and DOES 1 through 10, inclusive (collectively, "DEFENDANTS"):

## NATURE OF THE ACTION

1.     This is a class and collective action that arises out of IMC's systemic unlawful treatment of PLAINTIFF and other similarly situated current and former employees who are entitled to overtime pay under the federal Fair Labor Standards Act ("FLSA"). PLAINTIFF alleges that she and other non-exempt employees of IMC throughout the United States were and are the subject of an unlawful policy whereby IMC fails to compensate non-exempt employees at overtime rates for hours worked in excess of 40 hours in a workweek, but not in excess of 8 hours in a day. Accordingly, PLAINTIFF and all similarly situated employees of IMC throughout the United States are entitled to unpaid overtime wages from IMC as well as liquidated damages pursuant to the FLSA.

2.     Additionally, PLAINTIFF, a resident of Orange County, California and employed by IMC in California, alleges that IMC's practice of failing to pay non-exempt employees at overtime rates for hours worked in excess of 40 hours in a workweek, but not in excess of 8 hours in a day, violates California law concerning the payment of overtime wages. PLAINTIFF further contends that IMC engaged in a practice of misclassifying "executive chef" employees as exempt from overtime. Plaintiff alleges that such practice results in violation of numerous California wage and hour laws, including laws requiring the payment of minimum, straight and overtime wages, the provision of meal and rest periods, the furnishing of adequate wage statements and timely payment of all wages due upon termination. PLAINTIFF asserts all such claims on behalf of herself and one or more classes of similarly situated individuals employed by IMC in California.

## THE PARTIES

3.     Plaintiff ANGELA BOONE is an individual residing in Orange County, California.

4.     Defendant INTERSTATE MANAGEMENT COMPANY, L.L.C. is a Delaware limited liability company doing business in California. IMC is engaged in the business of managing hotels throughout California and the United States. According to its website, IMC "is the world's leading hotel management company." IMC operates approximately 430 hotels, resorts, and conference centers located

throughout the United States and internationally, including variously branded hotels such as Marriott, Westin, Hilton, Fairfield, Doubletree, and others. IMC manages in at least 77 hotels in California.

5.      PLAINTIFF is unaware of the true names and capacities, whether corporate or individual, or otherwise, of defendants named as DOES 1 through 10, inclusive. Pursuant to California Code of Civil Procedure section 474, PLAINTIFF will seek leave of court to amend this Complaint to state said defendants' true names and capacities when the same have been ascertained. PLAINTIFF is informed and believes, and based on such information and belief, alleges that said fictitiously-named defendants are responsible in some manner for the injuries and damages to PLAINTIFF as further alleged herein.

6.      PLAINTIFF is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to DEFENDANTS, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all DEFENDANTS were in accordance with, and represent the official policy of DEFENDANTS.

7.      PLAINTIFF is informed and believes, and on that basis alleges, that each defendant is the alter ego and joint employer, and is working in joint enterprise with, each and every other defendant. PLAINTIFF is further informed and believes, and on that basis alleges, that at all times relevant to this Complaint, each defendant was the agent or employee of each other defendant, and in the doing the acts alleged herein, was acting within the course and scope of such agency or employment, with the consent, provision, and authorization of each of the remaining defendants.  All actions of each defendant were ratified and approved by every other defendant.

8.      At all relevant times, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein. At all relevant times, DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

9.      PLAINTIFF is informed and believes, and thereon alleges, that each of said DEFENDANTS is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

/ / /

- 4 -
AMENDED COMPLAINT

**JURISDICTION**

10.    This Court has jurisdiction over this matter under this Court's general powers granted by statutory law and the California Constitution.

11.    At all relevant times described herein, PLAINTIFF and many members of the alleged classes worked as employees of DEFENDANTS at one or more of their locations in or around the County of Orange, California.

**FACTUAL ALLEGATIONS**

12.    PLAINTIFF was continuously employed by IMC from June 20, 2015 through April 30, 2019. DEFENDANTS initially hired PLAINTIFF to work at the Marriott Laguna Cliffs in Dana Point, California as an on-call Banquet Server, and PLAINTIFF transitioned to the kitchen as Sous Chef in or about August 2016. Throughout the time she worked at the Marriott Laguna Cliffs, PLAINTIFF was classified as "non-exempt" and was entitled to overtime pay.

13.    During her service at the Marriott Laguna Cliffs in Dana Point, PLAINTIFF regularly worked time in excess of 8 hours per day and 40 hours per work week. DEFENDANTS however failed to compensate PLAINTIFF for overtime worked in excess of 40 hours in a single workweek but not in excess of 8 hours in a day. For example, if PLAINTIFF worked 40 hours in 5 days and worked an additional 8 hours on the sixth day, PLAINTIFF did not receive overtime pay for hours worked on the sixth day because, pursuant to DEFENDANTS' policy, they only paid daily overtime (i.e., in excess of 8 hours per workday) but not weekly overtime (i.e., in excess of 40 hours in a workweek).

14.    On November 6, 2017, IMC offered PLAINTIFF the position of "Executive Chef" at the Westin San Diego, located in San Diego, California. PLAINTIFF accepted the position and began work at the Westin San Diego on or about November 16, 2017. In that position, PLAINTIFF was classified as "exempt" and received a straight salary, meaning that regardless of the number of hours she worked, PLAINTIFF did not receive overtime pay.

15.    PLAINTIFF however was misclassified because she did not meet the criteria for exemption from the overtime laws whether under California law or the FLSA. Although PLAINTIFF did manage employees, including kitchen staff, and performed some managerial functions, the hotel kitchen was chronically understaffed. As a result, PLAINTIFF spent the vast majority her time on duty

performing work that does not qualify for any exemption from overtime. In particular, while employed as "executive chef" at the Westin San Diego, PLAINTIFF spent most of her time performing line-employee duties, including cooking food, running food to hotel patrons, bussing tables, cleaning, and the like. PLAINTIFF worked long hours, including many hours in excess of 8 hours per day and 40 hours per week.

16.    While employed by DEFENDANTS at the Westin San Diego, PLAINTIFF observed that non-exempt co-workers were subjected to the same policy that PLAINTIFF herself experienced while working at the Marriott Laguna Cliffs. In particular, DEFENDANTS failed to pay such non-exempt workers at overtime rates for time worked in excess of 40 hours per work week, when such time did not exceed 8 hours in a single day.

17.    On information and belief, DEFENDANTS' unlawful failure to pay non-exempt employees at overtime rates for all time worked in excess of 40 hours in a workweek applies to all properties IMC managers in California and throughout the United States.

18.    On May 7, 2019, PLAINTIFF gave written notice through her counsel pursuant to the Private Attorneys General Act, Labor Code Sections 2698, *et seq*. ("PAGA") of IMC's violations of various provisions of the Labor Code, including as alleged herein, to the Labor and Workforce Development Agency ("LWDA"). Such notice was also sent to IMC through its registered agent for service of process on file with the California Secretary of State.

19.    If, within 60 days of the date of the written notice to the LWDA, the LWDA responds indicating that it does not intend to investigate DEFENDANTS' violations of the Labor Code, or if the LWDA fails to respond within 65 days of that date, PLAINTIFF intends to amend this Complaint to state a cause of action for civil penalties under the PAGA as provided by Labor Code Section 2699.3(a)(2)(C).

**NATIONWIDE COLLECTIVE ACTION ALLEGATOINS**

20.    Pursuant to 29 U.S.C.§ 216,  PLAINTIFF seeks to prosecute her FLSA claim as a collective action on behalf of all persons who are or were employed by DEFENDANTS at any time within three years prior to the filing of this Amended Complaint ("Collective Action Period") who were

- 6 -
AMENDED COMPLAINT

1  not paid overtime for hours worked in excess of 40 hours in a workweek ("Collective Action

2  Members").

3       21.     There are numerous similarly situated current and former employees of DEFENDANTS

4  throughout the United States who would benefit from the issuance of a Court-supervised notice of the

5  instant lawsuit and the opportunity to join the instant lawsuit. Those similarly situated employees are

6  known to DEFENDANTS and are readily identifiable through DEFENDANTS' records.

7       22.     PLAINTIFF and other Collective Action Members are similarly situated because they

8  were subjected to the same policy of DEFENDANTS in violation of the FLSA, namely

9  DEFENDANTS' failure to pay such employees overtime rates for hours worked in excess of 40 hours

10  in a workweek.

11                    **CALIFORNIA CLASS ACTION ALLEGATIONS**

12       23.     PLAINTIFF brings this action on behalf of herself and all others similarly situated as a

13  class action pursuant to Section 382 of the Code of Civil Procedure.

14       24.     PLAINTIFF seeks to represent two classes of similarly situated employees:

15            A.  All individuals employed by DEFENDANTS during the Class Period in California

16                classified by DEFENDANTS as non-exempt from the overtime provisions of the

17                California Labor Code who did not receive overtime compensation for hours worked

18                in excess of 40 hours in a workweek (the "NON-EXEMPT CLASS"); and

19            B.  All individuals employed by DEFENDANTS during the Class Period in California

20                as "executive chef" (the "MISCLASSIFICATION CLASS").

21       25.     The members of the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS

22  are so numerous that joinder of all members would be unfeasible and impractical.

23       26.     The precise scope of the NON-EXEMPT CLASS and the MISCLASSIFICATION

24  CLASS can be defined by DEFENDANTS' records.

25       27.     There are questions of law and fact common among NON-EXEMPT CLASS members

26  including: (i) whether the NON-EXEMPT CLASS members were subjected to an unlawful policy that

27  failed to pay overtime rates for time worked in excess of 40 hours per work week, when such time did

28  not exceed 8 hours in a single workday; (ii) whether, as a result of this policy and other generally

- 7 -

applicable polices, NON-EXEMPT CLASS members are entitled to unpaid overtime; (iii) whether

DEFENDANTS furnished wage statements to members of the NON-EXEMPT CLASS consistent with

the requirements of California Labor Code Section 226(a); (iv) whether DEFENDANTS maintained

accurate records of the gross and net wages earned and all applicable hourly rates and the corresponding

number of hours worked at each hourly rate for the NON-EXEMPT CLASS; (v) whether the NON-

EXEMPT CLASS sustained damages, and if so, the proper measure of such damages, as well as interest,

penalties, costs, attorneys' fees, and equitable relief; (vi) whether DEFENDANTS engaged in unfair

business practices in violation of California Business & Professions Code 17200 *et seq.*; and (vii)

whether there are additional remedies under the Labor Code or applicable Wage Orders due to the

unpaid overtime. Certification of such matters is appropriate under California law. *Faulkinbury v. Boyd*

*& Associates, Inc*., 216 Cal. App. 4th 220, 233 (2013), review denied (July 24, 2013); *Abdullah v. U.S.*

*Sec. Associates, Inc*., 731 F.3d 952, 958 (9th Cir. 2013) cert. denied, 135 S. Ct. 53, 190 L. Ed. 2d 30

(2014).

      28.    There are also questions of law and fact common among the MISCLASSIFICATION

CLASS, including: (i) whether members of the MISCLASSIFICATION CLASS met the requirements

of any exemption from the California overtime laws; (ii) whether DEFENDANTS failed to pay the

MISCLASSIFICATION CLASS wages, including minimum, straight and overtime wages; (iii) whether

the MISCLASSIFICATION CLASS was permitted to take timely 30-minute off-duty meal periods

consistent with California law; (iv) whether the MISCLASSIFICATION CLASS was permitted to take

timely rest breaks consistent with California law; (v) whether DEFENDANTS paid the

MISCLASSIFICATION CLASS premiums for missed meal and rest periods; (vi) whether the

MISCLASSIFICATION CLASS was timely paid all wages due upon separation from employment; (vii)

whether DEFENDANTS furnished wage statements to members of the MISCLASSIFICATION

CLASS consistent with the requirements of California Labor Code Section 226(a); (viii) whether

DEFENDANTS maintained accurate records of the gross and net wages earned and all applicable hourly

rates and the corresponding number of hours worked at each hourly rate for the MISCLASSIFICATION

CLASS; (ix) whether the MISCLASSIFICATION CLASS sustained damages, and if so, the proper

measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; (x)

1    whether DEFENDANTS engaged in unfair business practices in violation of California Business &
2    Professions Code 17200 *et seq*.

3        29.    These common issues of fact and law predominate over any individualized issues.

4        30.    PLAINTIFF's claims are typical of the NON-EXEMPT CLASS and the
5    MISCLASSIFICATION CLASS members in that the PLAINTIFF and the NON-EXEMPT CLASS and
6    the MISCLASSIFICATION CLASS members were exposed to the same unlawful, systematic and
7    companywide policies discussed herein.

8        31.    A class action is superior to other available methods for the fair and efficient adjudication
9    of the controversy.

10        32.    PLAINTIFF and her counsel will fairly and adequately protect the interests of the NON-
11    EXEMPT CLASS and the MISCLASSIFICATION CLASS.

12    **FIRST CAUSE OF ACTION**

13    **Violation of the Fair Labor Standards Act [29 U.S.C. §§ 201, *et seq*.]**

14    **(By Plaintiff and Collective Action Members Against All Defendants)**

15        33.    PLAINTIFF, on behalf of herself and all Collective Action Members, incorporates by
16    this reference the relevant allegations in this pleading as if fully set forth herein.

17        34.    During the Collective Action Period, DEFENDANTS have been, and continue to be, an
18    employer engaged in interstate commerce and/or the production of goods for commerce, within the
19    meaning of the FLSA.

20        35.    During the Collective Action Period, DEFENDANTS employed, and/or continue to
21    employ, PLAINTIFF and each of the Collective Action Members within the meaning of the FLSA.

22        36.    During the Collective Action Period, DEFENDANTS had annual gross revenues in
23    excess of $500,000.

24        37.    PLAINTIFF expressly consents in writing to be a party to this action, pursuant to 29
25    U.S.C. § 216(b).

26        38.    Throughout the Collective Action Period, DEFENDANTS had a policy and practice of
27    failing to pay non-exempt employees overtime rates for time worked in excess of 40 hours per week in
28    violation of the FLSA.

39.     As a result of DEFENDANTS' willful failure to compensate its employees, including PLAINTIFF and the Collective Action Members, at overtime rates for all the hours worked in excess of 40 hours in a workweek, DEFENDANTS have violated and continue to violate the FLSA, including Sections 207(a)(1) and 215(a).

40.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

41.     Due to DEFENDANTS' FLSA violations, PLAINTIFF, on behalf of herself and the Collective Action Members, is entitled to recover from Defendant unpaid wages, as well as overtime compensation, an additional amount – equal to the unpaid wages and overtime – as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to § 216(b) of the FLSA.

**SECOND CAUSE OF ACTION**

**Failure To Pay Overtime Wages [California Labor Code §§ 510, 1194, and 1197.1]**

**(By Plaintiff And NON-EXEMPT CLASS Against All Defendants)**

42.     PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

43.     At all relevant times, DEFENDANTS failed to compensate PLAINTIFF proper overtime wages for overtime hours worked because of DEFENDANTS' unlawful policy that failed to pay overtime rates for time worked in excess of 40 hours per work week, when such time did not exceed 8 hours in a single work day.  Accordingly, during her employment with DEFENDANTS, PLAINTIFF and the NON-EXEMPT CLASS regularly worked overtime hours, without being paid the proper amount of overtime pay.

44.     DEFENDANTS' failure to pay PLAINTIFF and the NON-EXEMPT CLASS the unpaid balance of premium overtime compensation violates, among other provisions, sections 510, 1194, 1194.2 and 1197.1 of the Labor Code and applicable Wage Orders and is therefore unlawful.

45.     PLAINTIFF and the NON-EXEMPT CLASS are entitled to recover their unpaid overtime compensation, as well as penalties, interest, injunctive relief, costs, and attorneys' fees.

/ / /

/ / /

AMENDED COMPLAINT

**THIRD CAUSE OF ACTION**

**Failure to Pay Overtime, Straight Time And Minimum Wages [California Labor Code §§ 510,**

**1194, 1194.2, 1197 and 1197.1]**

**(By PLAINTIFF And MISCLASSIFICATION CLASS Against All Defendants)**

46.    PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

47.    At all times during the time of her employment as "executive chef," PLAINTIFF was misclassified as "exempt" from the overtime provisions of the California labor laws.

48.    PLAINTIFF and all other members of the MISCLASSIFICATION CLASS, regularly worked in excess of eight (8) hours per day, and/or more than forty (40) hours per workweek.

49.    DEFENDANTS failed to pay PLAINTIFF and the MISCLASSIFICATION CLASS overtime wages when those employees worked in excess of eight (8) hours per day and/or forty (40) hours per week.

50.    DEFENDANTS also failed to pay PLAINTIFF and the MISCLASSIFICATION CLASS minimum and straight wages for time worked in excess of 8 hours per day and 40 hours per week.

51.    PLAINTIFF and the MISCLASSIFICATION CLASS are entitled to recover all unpaid wages, together with interest, penalties and attorneys' fees. Further, and pursuant to Labor Code Section 1194.2, PLAINTIFF and the MISCLASSIFICATION CLASS are entitled to recover to a liquidated damage equal to in an amount equal to the minimum wages unlawfully unpaid and interest thereon.

**FOURTH CAUSE OF ACTION**

**Failure To Provide Meal Periods [California Labor Code §§ 226.7, 226.7(b), and 512]**

**(By PLAINTIFF And MISCLASSIFICATION CLASS Against All Defendants)**

52.    PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

53.    At all relevant times, the applicable IWC Wage Order and California Labor Code Section 226.7 governed PLAINTIFF and the MISCLASSIFICATION CLASS employment by DEFENDANTS.

54.    At all relevant times, California Labor Code Section 226.7 provided that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.

55.    DEFENDANTS required PLAINTIFF and the MISCLASSIFICATION CLASS to work five (5) or more hours without authorizing or permitting an uninterrupted, duty-free thirty (30) minute meal period.

56.    DEFENDANTS failed to pay PLAINTIFF and the MISCLASSIFICATION CLASS the full missed-meal period premium due pursuant to California Labor Code Section 226.7.

57.    DEFENDANTS conduct violates the applicable IWC Wage Orders and California Labor Code Sections 226.7, 226.7(b), and 512.

58.    Pursuant to the applicable IWC Wage Order and California Labor Code Section 226.7(b), PLAINTIFF and the MISCLASSIFICATION CLASS are entitled to recover one additional hour of pay at the employee's regular hourly rate of compensation for each work day that the meal period was not provided.

## FIFTH CAUSE OF ACTION

### Failure To Provide Rest Breaks [California Labor Code § 226.7]

**(By PLAINTIFF And MISCLASSIFICATION CLASS Against All Defendants)**

59.    PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

60.    At all relevant times, the applicable IWC Wage Order and California Labor Code Section 226.7 governed PLAINTIFF and the MISCLASSIFICATION CLASS employment by DEFENDANTS.

61.    At all relevant times, California Labor Code Section 226.7 provided that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

62.    DEFENDANTS required PLAINTIFF and the MISCLASSIFICATION CLASS to work four (4) or more hours without authorizing or permitting an uninterrupted ten (10) minute rest period per each four (4) hour period worked.

AMENDED COMPLAINT

63.    DEFENDANTS failed to pay PLAINTIFF and the MISCLASSIFICATION CLASS the full missed-rest period premium due pursuant to California Labor Code Section 226.7.

64.    DEFENDANTS conduct violates the applicable IWC Wage Orders and California Labor Code Section 226.7.

65.    Pursuant to the applicable IWC Wage Order and California Labor Code Section 226.7(b), PLAINTIFF and the MISCLASSIFICATION CLASS are entitled to recover one additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

<u>**SIXTH CAUSE OF ACTION**</u>

<u>**Failure To Provide Proper Wage Statements [California Labor Code § 226(a)]**</u>

**(By PLAINTIFF, NON-EXEMPT CLASS And MISCLASSIFICATION CLASS Against All Defendants)**

66.    PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

67.    California Labor Code section 226(a) sets forth reporting requirements for employers when they pay wages: "Every employer shall . . . at the time of each payment of wages, furnish each of his or her employees . . . an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . . (5) net wages earned . . . , and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."  Cal. Lab. Code § 226(a).  "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Cal. Lab. Code § 226(e)(1).  "An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by . . . subdivision (a) . . . ."

AMENDED COMPLAINT

68.     DEFENDANTS intentionally failed to furnish PLAINTIFF, the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS complete and accurate wage statements upon each payment of wages, in violation of California Labor Code section 226(a).  PLAINTIFF, the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS were injured and damaged by these failures because, among other things, these failures led them to believe they were not entitled to be paid wages for overtime and regular wages although they were so entitled.

69.     Pursuant to section 226(e) of the Labor Code, or other applicable law, PLAINTIFF, the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS are entitled to recover statutory penalties, interest, injunctive relief, costs, and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**Wages Not Timely Paid Upon Termination [Labor Code §§ 201 and 202]**

**(By PLAINTIFF, NON-EXEMPT CLASS And MISCLASSIFICATION CLASS Against All Defendants)**

70.     PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

71.     At all relevant times, California Labor Code Sections 201 and 202 provided that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

72.     Defendants willfully failed to pay PLAINTIFF and members of the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving DEFENDANTS' employ.

73.     DEFENDANTS' failure to pay PLAINTIFF and class members all wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code Sections 201 and 202.

AMENDED COMPLAINT

1    74.    California Labor Code Section 203 provides that if an employer willfully fails to pay

2    wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue

3    as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the

4    wages shall not continue for more than thirty (30) days.

5    75.    PLAINTIFF    and    members    of    the    NON-EXEMPT    CLASS    and    the

6    MISCLASSIFICATION CLASS are entitled to recover from DEFENDANTS the statutory penalty

7    wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor

8    Code Section 203.

9    **EIGHTH CAUSE OF ACTION**

10   **Unfair Business Practices [California Business and Professions Code § 17200]**

11   **(By PLAINTIFF, NON-EXEMPT CLASS And MISCLASSIFICATION CLASS Against All**

12   **Defendants)**

13   76.    PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if

14   fully set forth herein.

15   77.    DEFENDANTS' acts constitute continuing and ongoing unlawful activity prohibited by

16   the Unfair Competition Law, California Business and Professions Code Sections 17200, *et seq.* ("UCL")

17   and justify restitution, injunctive relief, together with any other remedy available pursuant to California

18   Business and Professions Code Section 17203.

19   78.    California Labor Code section 90.5 articulates the public policy of California to

20   vigorously enforce minimum labor standards, including the requirements to properly pay employees for

21   all hours worked, provide accurate itemized wage statements and keep payroll records pursuant to the

22   applicable Labor Code provisions and Wage Orders.  DEFENDANTS' conduct of, among other things,

23   requiring PLAINTIFF and members of the NON-EXEMPT CLASS and MISSCLASSIFICATION

24   CLASS to work without providing accurate itemized statements, providing meal and rest periods and

25   failing to pay for all hours worked, including minimum, straight and overtime wages directly violates

26   state law, constitutes unfair competition and unlawful and unfair acts and practices within the meaning

27   of the UCL.

28

- 15 -
AMENDED COMPLAINT

79.     For the four (4) years preceding this lawsuit, DEFENDANTS engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, including, but not limited to: (i) failing to compensate PLAINTIFF, the NON-EXEMPT CLASS and MISSCLASSIFICATION CLASS for all regular and overtime hours worked and at the proper minimum wage rate, regular rate and/or overtime wage rate; (ii) failing to furnish PLAINTIFF and the  NON-EXEMPT CLASS and MISSCLASSIFICATION CLASS timely itemized statements accurately showing the gross and net wages earned and all applicable hourly rates and the corresponding number of hours worked at each hourly rate and (iii) failing to provide PLAINTIFF and members of the MISCLASSIFICAITON CLASS compliant meal and rest periods.

80.     DEFENDANTS' use of such unlawful and unfair business practices constitutes unfair competition and provides an unfair advantage over its competitors.

81.     DEFENDANTS' wrongful business practices have caused injury to PLAINTIFF, the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS, depriving them of the minimum working standards and conditions due them under California law and the Industrial Welfare Commission Wage Orders.

82.     Pursuant to section 17203 of the California Business and Professions Code, PLAINTIFF seeks an order of this court enjoining DEFENDANTS from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the complaint.  PLAINTIFF also seeks an order requiring DEFENDANTS to make full restitution of all moneys it wrongfully obtained from PLAINTIFF, the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS.

**NINTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2698, *et seq.*)**

**(By Plaintiff Against all Defendants)**

83.     PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

.

84.    The Private Attorneys General Act of 2004 ("PAGA") expressly establishes that any provision of the California Labor Code of which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA"), or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

85.    On May 7, 2019, PLAINTIFF provided written notice to the LWDA and DEFENDANTS of the specific provisions of the Labor Code she contends were violated, and the theories supporting her contentions. Attached hereto as Exhibit A and incorporated by reference is a copy of the written notice to the LWDA.  PLAINTIFF has exhausted the statutory time period to bring this action.

86.    PLAINTIFF is an "aggrieved employee" as defined by Labor Code section 2699(c) in that she is a former employee of DEFENDANTS, and one or more of the alleged violations was committed against her.

87.    PLAINTIFF alleges that DEFENDANTS violated the PAGA by including that Defendants violated California Labor Code §§ 201, 202, 203, 226(a), 226.7, 510, 558, 1194, and 1194.2.

**Failure to Pay Overtime, Straight Time and Minimum Wages**

88.    DEFENDANTS' failure to pay PLAINTIFF overtime in violation of the Wage Orders and California Labor Code sections 510 and 1194 and 1197.1as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 510 and 1194 and 1197.1.

**Failing to Provide Meal Periods**

89.    DEFENDANTS' failure to provide PLAINTIFF with legally required meal periods in violation of Wage Orders and California Labor Code sections 226.7 and 512(a), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 226.7 and 512(a) and 226.7(b).

**Failure to Provide Rest Periods**

90.    DEFENDANTS' failure to provide PLAINTIFF with legally required rest periods in violation of the Wage Orders and California Labor Code section 226.7, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226.7.

**Failure to Timely Pay Wages Upon Termination**

- 17 -

91.    DEFENDANTS' failure to timely pay PLAINTIFF wages upon termination in violation of California Labor Code sections 201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 201 and 202.

**Failure to Provide Compliant Wage Statements**

92.    DEFENDANTS' failure to provide compliant wage statements in violation of California Labor Code section 226(a), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

93.    Pursuant to California Labor Code section 2699, PLAINTIFF individually requests and is entitled to recover from DEFENDANTS all civil penalties and other amounts awardable under the law.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief and judgment as follows:

1.    Wages, civil penalties, and applicable statutory penalties;

2.    General and compensatory damages;

3.    Liquidated damages;

4.    Restitution;

5.    Pre-judgment and post-judgment interest;

6.    Attorneys' fees and costs reasonably incurred;

7.    Punitive and/or exemplary damage, if allowed;

8.    Injunctive relief as described herein;

9.    Equitable relief, if allowed;

10.    Such other relief that the Court deems proper.

Dated:  October 26, 2020                **HARDIN LAW GROUP, APC**

By:

James Hardin
Attorneys for Plaintiff

AMENDED COMPLAINT

1

### DEMAND FOR JURY TRIAL

2  PLAINTIFF hereby demands a trial by jury of all claims and causes of action so triable in this

3  lawsuit.

4

5  Dated:  October 26, 2020                    **HARDIN LAW GROUP, APC**

6

7  By: 

8  James Hardin
   Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28