**NOTE CHANGES MADE BY THE COURT**



FILED
CLERK, U.S. DISTRICT COURT
10/28/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: CW DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA BOONE, in her individual and representative capacity, <br><br>Plaintiff, <br><br>v. <br><br>1NTERSTATE MANAGEMENT COMPANY, L.L.C. and DOES 1 through 10, inclusive, <br><br>Defendants. | Case No. 8:19-cv-01208 CJC (SSx) <br>ASSIGNED TO THE HONORABLE JUDGE CORMAC J. CARNEY <br><br>**ORDER GRANTING JOINT STIPULATION (DKT. 26) RE:** <br><br>**1) FILING SECOND-AMENDED COMPLAINT;** <br><br>**2) APPROVING PAGA SETTLEMENT AND DISMISSING PAGA CLAIMS WITH PREJUDICE;** <br><br>**3) DISMISSING CLASS ACTION CLAIMS WITHOUT PREJUDICE** <br><br>**4) DISMISSING CLAIMS UNDER THE FAIR LABOR STANDARDS ACT (FLSA) ALLEGED ON BEHALF OF INDIVIDUALS OTHER THAN PLAINTIFF WITHOUT PREJUDICE; AND** <br><br>**5) DISMISSING PLAINTIFF'S INDIVIDUAL FLSA AND OTHER CLAIMS WITH PREJUDICE** <br><br>FAC Filed: 5/12/2019 <br>Complaint Filed: 4/29/2019 |

LITTLER MENDELSON, P.C.
18565 Jamboree Road, Suite 800
Irvine, CA 92612
949.705.3000

Having reviewed the concurrently filed Stipulation filed Plaintiff Angela Boone ("Plaintiff") and Defendant INTERSTATE MANAGEMENT COMPANY, LLC ("Defendant") (collectively "the Parties"), the Court grants the Stipulation and all requested relief therein and Orders as follows:

## FILING OF SECOND AMENDED COMPLAINT

1. Plaintiff's Second-Amended Complaint, attached as Exhibit "A" to the concurrently filed Stipulation, shall be filed by counsel no later than October 29, 2020 and dated October 26, 2020, prior to the order of Dismissal; and

2. Defendant's Answer to Plaintiff's First-Amended Complaint is hereby deemed an Answer to Plaintiff's Second-Amended Complaint.

## APPROVAL OF PAGA SETTLEMENT AND DISMISSAL OF ALL PAGA CLAIMS WITH PREJUDICE AND APPROVAL OF INDIVIDUAL CLAIMS BROUGHT BY PLAINTIFF ON HER OWN BEHALF PURSUANT TO THE FAIR LABOR STANDARDS ACT

3. The Court, having reviewed the Parties' Settlement Agreement ("Agreement"), a true and correct copy of which was submitted to the Court under seal, hereby makes the following findings:

a. The Private Attorney General Act ("PAGA") claims alleged in the operative Second-Amended Complaint are properly pleaded, properly exhausted, timely, without procedural defect and are properly before the Court and only seek penalties on behalf of Plaintiff as an individual.

b. The Agreement was entered into in good faith and the settlement is fair, reasonable, and adequate, and the Agreement satisfies the standards and applicable requirements for approval of the settlement of a PAGA representative action under California law.

4. The Court approves and confirms all aspects of the Agreement and approves the settlement of the individual PAGA settlement as required by the PAGA. Cal. Labor

Code §2699(l)(2) (The superior court shall review and approve any settlement of any civil action filed pursuant to this part).

5. Pursuant to the Parties' Agreement the Court hereby ORDERS that all PAGA claims asserted in the Second-Amended Complaint be dismissed, with prejudice, effective as of the entry of this Order. This dismissal is made and entered without any finding of liability or finding that: Defendant and/or any Released Parties violated any federal, state, or local law; violated any regulations or guidelines promulgated pursuant to any statute or any other applicable laws, regulations or legal requirements; breached any contract; violated or breached any duty; engaged in any misrepresentation or deception; or engaged in any other unlawful conduct with respect to its employees or any other person or entity.

6. By operation of the Agreement and this dismissal, Plaintiff is barred from reasserting against Released Parties any of the Settled Claims on an individual, PAGA, or class action basis.

7. By operation of the Agreement and this dismissal, neither the Agreement nor any of its terms, nor any of the negotiations connected with it or proceedings related to the Agreement or settlement shall be offered or used as evidence to establish any liability or admission on the part of Defendant or any Released Parties or to establish the existence of any condition constituting a violation of, or noncompliance with, federal, state, local or other applicable law. Furthermore, neither the Agreement, nor this Order of Dismissal, nor the Court's findings and orders related to a motion for attorney's fees shall be used as collateral estoppel, pursuant to *Arias v. Superior Court*, 46 Cal. 4th 969 (2009), or otherwise, against Defendant or the Released Parties to obtain remedies in a separate action based on the same or predicate Labor Code violations; provided, however, this shall not prevent this Agreement and/or the Order Dismissing the Action with Prejudice from being used, offered, or received in evidence in any proceeding enforce, construe, or finalize this Agreement and/or to prevent the

reassertion of any Settled Claims by way of res judicata, collateral estoppel, waiver, release or other applicable legal theory.

## DISMISSAL OF CLASS CLAIMS WITHOUT PREJUDICE
## AND WITHOUT NOTICE TO THE CLASS

8. The Court hereby ORDERS that the class claims asserted in the Second-Amended Complaint are all hereby dismissed without prejudice as to putative class members, but with prejudice as to the named Plaintiff's ability to reassert class action claims as a named Plaintiff in this or any future action against Defendant arising from the same transactions or occurrences at issue in this action. Notice of the dismissal shall not be given to the absent members of the putative class.

## DISMISSAL OF INDIVIDUAL CLAIMS WITH PREJUDICE

9. It is hereby ORDERED that all individual claims asserted in the Second-Amended Complaint by Plaintiff are hereby dismissed with prejudice.

DATED: October 28, 2020

_____
HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE