Corbett H. Williams (Bar No. 246458)
cwilliams@chwilliamslaw.com
**LAW OFFICES OF CORBETT H. WILLIAMS**
24422 Avenida de la Carlota, Suite 370
Laguna Hills, California 92653
Telephone: (949) 679-9909
Facsimile: (949) 535-1031

James B. Hardin (Bar No. 205071)
jhardin@hardinemploymentlaw.com
**HARDIN LAW GROUP, APC**
23 Corporate Plaza Drive, Suite 150
Newport Beach, California 92660
Telephone: (949) 337-4810
Facsimile: (949) 209-4853

Attorneys for Plaintiff
ANGELA BOONE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGELA BOONE, in her individual and representative capacity,<br><br>Plaintiff,<br><br>v.<br><br>INTERSTATE MANAGEMENT COMPANY, L.L.C. and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 8:19-cv-01208 CJC (SSx)<br>**AMENDED CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR:**<br><br>1. **VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. 201,** *et seq.* **(Unpaid Overtime Wages);**<br>2. **VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, AND 1197.1 (Unpaid Overtime Wages);**<br>3. **VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, 1194.2, 1197 and 1197.1 (Unpaid Overtime, Straight Time and Minimum Wages)**<br>4. **VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7, 226.7(b), and 512 (Meal Periods)**<br>5. **VIOLATION OF CALIFORNIA LABOR CODE § 226.7 (Rest Breaks)**<br>6. **VIOLATION OF CALIFORNIA LABOR CODE § 226(a) (Wage Statements);**<br>7. **VIOLATION OF CALIFORNIA LABOR CODE §§ 201 and 202 (Wages Not Timely Paid Upon Termination);**<br>8. **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200,** *et seq.***; and** |

9. **INDIVIDUAL CLAIM UNDER CALIFORNIA PRIVATE ATTORNEY GENERAL ACT § 2699, et seq.**

**JURY TRIAL DEMANDED**

Plaintiff ANGELA BOONE ("PLAINTIFF") alleges as follows against defendants INTERSTATE MANAGEMENT COMPANY, L.L.C. ("IMC") and DOES 1 through 10, inclusive (collectively, "DEFENDANTS"):

**NATURE OF THE ACTION**

1. This is a class and collective action that arises out of IMC's systemic unlawful treatment of PLAINTIFF and other similarly situated current and former employees who are entitled to overtime pay under the federal Fair Labor Standards Act ("FLSA"). PLAINTIFF alleges that she and other non-exempt employees of IMC throughout the United States were and are the subject of an unlawful policy whereby IMC fails to compensate non-exempt employees at overtime rates for hours worked in excess of 40 hours in a workweek, but not in excess of 8 hours in a day. Accordingly, PLAINTIFF and all similarly situated employees of IMC throughout the United States are entitled to unpaid overtime wages from IMC as well as liquidated damages pursuant to the FLSA.

2. Additionally, PLAINTIFF, a resident of Orange County, California and employed by IMC in California, alleges that IMC's practice of failing to pay non-exempt employees at overtime rates for hours worked in excess of 40 hours in a workweek, but not in excess of 8 hours in a day, violates California law concerning the payment of overtime wages. PLAINTIFF further contends that IMC engaged in a practice of misclassifying "executive chef" employees as exempt from overtime. Plaintiff alleges that such practice results in violation of numerous California wage and hour laws, including laws requiring the payment of minimum, straight and overtime wages, the provision of meal and rest periods, the furnishing of adequate wage statements and timely payment of all wages due upon termination. PLAINTIFF asserts all such claims on behalf of herself and one or more classes of similarly situated individuals employed by IMC in California.

**THE PARTIES**

3. Plaintiff ANGELA BOONE is an individual residing in Orange County, California.

4. Defendant INTERSTATE MANAGEMENT COMPANY, L.L.C. is a Delaware limited liability company doing business in California. IMC is engaged in the business of managing hotels throughout California and the United States. According to its website, IMC "is the world's leading hotel management company." IMC operates approximately 430 hotels, resorts, and conference centers located

throughout the United States and internationally, including variously branded hotels such as Marriott, Westin, Hilton, Fairfield, Doubletree, and others. IMC manages in at least 77 hotels in California.

5. PLAINTIFF is unaware of the true names and capacities, whether corporate or individual, or otherwise, of defendants named as DOES 1 through 10, inclusive. Pursuant to California Code of Civil Procedure section 474, PLAINTIFF will seek leave of court to amend this Complaint to state said defendants' true names and capacities when the same have been ascertained. PLAINTIFF is informed and believes, and based on such information and belief, alleges that said fictitiously-named defendants are responsible in some manner for the injuries and damages to PLAINTIFF as further alleged herein.

6. PLAINTIFF is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to DEFENDANTS, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all DEFENDANTS were in accordance with, and represent the official policy of DEFENDANTS.

7. PLAINTIFF is informed and believes, and on that basis alleges, that each defendant is the alter ego and joint employer, and is working in joint enterprise with, each and every other defendant. PLAINTIFF is further informed and believes, and on that basis alleges, that at all times relevant to this Complaint, each defendant was the agent or employee of each other defendant, and in the doing the acts alleged herein, was acting within the course and scope of such agency or employment, with the consent, provision, and authorization of each of the remaining defendants. All actions of each defendant were ratified and approved by every other defendant.

8. At all relevant times, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein. At all relevant times, DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

9. PLAINTIFF is informed and believes, and thereon alleges, that each of said DEFENDANTS is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

///

**JURISDICTION**

10. This Court has jurisdiction over this matter under this Court's general powers granted by statutory law and the California Constitution.

11. At all relevant times described herein, PLAINTIFF and many members of the alleged classes worked as employees of DEFENDANTS at one or more of their locations in or around the County of Orange, California.

**FACTUAL ALLEGATIONS**

12. PLAINTIFF was continuously employed by IMC from June 20, 2015 through April 30, 2019. DEFENDANTS initially hired PLAINTIFF to work at the Marriott Laguna Cliffs in Dana Point, California as an on-call Banquet Server, and PLAINTIFF transitioned to the kitchen as Sous Chef in or about August 2016. Throughout the time she worked at the Marriott Laguna Cliffs, PLAINTIFF was classified as "non-exempt" and was entitled to overtime pay.

13. During her service at the Marriott Laguna Cliffs in Dana Point, PLAINTIFF regularly worked time in excess of 8 hours per day and 40 hours per work week. DEFENDANTS however failed to compensate PLAINTIFF for overtime worked in excess of 40 hours in a single workweek but not in excess of 8 hours in a day. For example, if PLAINTIFF worked 40 hours in 5 days and worked an additional 8 hours on the sixth day, PLAINTIFF did not receive overtime pay for hours worked on the sixth day because, pursuant to DEFENDANTS' policy, they only paid daily overtime (i.e., in excess of 8 hours per workday) but not weekly overtime (i.e., in excess of 40 hours in a workweek).

14. On November 6, 2017, IMC offered PLAINTIFF the position of "Executive Chef" at the Westin San Diego, located in San Diego, California. PLAINTIFF accepted the position and began work at the Westin San Diego on or about November 16, 2017. In that position, PLAINTIFF was classified as "exempt" and received a straight salary, meaning that regardless of the number of hours she worked, PLAINTIFF did not receive overtime pay.

15. PLAINTIFF however was misclassified because she did not meet the criteria for exemption from the overtime laws whether under California law or the FLSA. Although PLAINTIFF did manage employees, including kitchen staff, and performed some managerial functions, the hotel kitchen was chronically understaffed. As a result, PLAINTIFF spent the vast majority her time on duty

performing work that does not qualify for any exemption from overtime. In particular, while employed as "executive chef" at the Westin San Diego, PLAINTIFF spent most of her time performing line-employee duties, including cooking food, running food to hotel patrons, bussing tables, cleaning, and the like. PLAINTIFF worked long hours, including many hours in excess of 8 hours per day and 40 hours per week.

16. While employed by DEFENDANTS at the Westin San Diego, PLAINTIFF observed that non-exempt co-workers were subjected to the same policy that PLAINTIFF herself experienced while working at the Marriott Laguna Cliffs. In particular, DEFENDANTS failed to pay such non-exempt workers at overtime rates for time worked in excess of 40 hours per work week, when such time did not exceed 8 hours in a single day.

17. On information and belief, DEFENDANTS' unlawful failure to pay non-exempt employees at overtime rates for all time worked in excess of 40 hours in a workweek applies to all properties IMC managers in California and throughout the United States.

18. On May 7, 2019, PLAINTIFF gave written notice through her counsel pursuant to the Private Attorneys General Act, Labor Code Sections 2698, *et seq*. ("PAGA") of IMC's violations of various provisions of the Labor Code, including as alleged herein, to the Labor and Workforce Development Agency ("LWDA"). Such notice was also sent to IMC through its registered agent for service of process on file with the California Secretary of State.

19. If, within 60 days of the date of the written notice to the LWDA, the LWDA responds indicating that it does not intend to investigate DEFENDANTS' violations of the Labor Code, or if the LWDA fails to respond within 65 days of that date, PLAINTIFF intends to amend this Complaint to state a cause of action for civil penalties under the PAGA as provided by Labor Code Section 2699.3(a)(2)(C).

**NATIONWIDE COLLECTIVE ACTION ALLEGATOINS**

20. Pursuant to 29 U.S.C.§ 216, PLAINTIFF seeks to prosecute her FLSA claim as a collective action on behalf of all persons who are or were employed by DEFENDANTS at any time within three years prior to the filing of this Amended Complaint ("Collective Action Period") who were

not paid overtime for hours worked in excess of 40 hours in a workweek ("Collective Action Members").

21. There are numerous similarly situated current and former employees of DEFENDANTS throughout the United States who would benefit from the issuance of a Court-supervised notice of the instant lawsuit and the opportunity to join the instant lawsuit. Those similarly situated employees are known to DEFENDANTS and are readily identifiable through DEFENDANTS' records.

22. PLAINTIFF and other Collective Action Members are similarly situated because they were subjected to the same policy of DEFENDANTS in violation of the FLSA, namely DEFENDANTS' failure to pay such employees overtime rates for hours worked in excess of 40 hours in a workweek.

## **CALIFORNIA CLASS ACTION ALLEGATIONS**

23. PLAINTIFF brings this action on behalf of herself and all others similarly situated as a class action pursuant to Section 382 of the Code of Civil Procedure.

24. PLAINTIFF seeks to represent two classes of similarly situated employees:

    A. All individuals employed by DEFENDANTS during the Class Period in California classified by DEFENDANTS as non-exempt from the overtime provisions of the California Labor Code who did not receive overtime compensation for hours worked in excess of 40 hours in a workweek (the "NON-EXEMPT CLASS"); and

    B. All individuals employed by DEFENDANTS during the Class Period in California as "executive chef" (the "MISCLASSIFICATION CLASS").

25. The members of the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS are so numerous that joinder of all members would be unfeasible and impractical.

26. The precise scope of the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS can be defined by DEFENDANTS' records.

27. There are questions of law and fact common among NON-EXEMPT CLASS members including: (i) whether the NON-EXEMPT CLASS members were subjected to an unlawful policy that failed to pay overtime rates for time worked in excess of 40 hours per work week, when such time did not exceed 8 hours in a single workday; (ii) whether, as a result of this policy and other generally

- 7 -
AMENDED COMPLAINT

applicable polices, NON-EXEMPT CLASS members are entitled to unpaid overtime; (iii) whether DEFENDANTS furnished wage statements to members of the NON-EXEMPT CLASS consistent with the requirements of California Labor Code Section 226(a); (iv) whether DEFENDANTS maintained accurate records of the gross and net wages earned and all applicable hourly rates and the corresponding number of hours worked at each hourly rate for the NON-EXEMPT CLASS; (v) whether the NON-EXEMPT CLASS sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; (vi) whether DEFENDANTS engaged in unfair business practices in violation of California Business & Professions Code 17200 *et seq.*; and (vii) whether there are additional remedies under the Labor Code or applicable Wage Orders due to the unpaid overtime. Certification of such matters is appropriate under California law. *Faulkinbury v. Boyd & Associates, Inc.*, 216 Cal. App. 4th 220, 233 (2013), review denied (July 24, 2013); *Abdullah v. U.S. Sec. Associates, Inc.*, 731 F.3d 952, 958 (9th Cir. 2013) cert. denied, 135 S. Ct. 53, 190 L. Ed. 2d 30 (2014).

28. There are also questions of law and fact common among the MISCLASSIFICATION CLASS, including: (i) whether members of the MISCLASSIFICATION CLASS met the requirements of any exemption from the California overtime laws; (ii) whether DEFENDANTS failed to pay the MISCLASSIFICATION CLASS wages, including minimum, straight and overtime wages; (iii) whether the MISCLASSIFICATION CLASS was permitted to take timely 30-minute off-duty meal periods consistent with California law; (iv) whether the MISCLASSIFICATION CLASS was permitted to take timely rest breaks consistent with California law; (v) whether DEFENDANTS paid the MISCLASSIFICATION CLASS premiums for missed meal and rest periods; (vi) whether the MISCLASSIFICATION CLASS was timely paid all wages due upon separation from employment; (vii) whether DEFENDANTS furnished wage statements to members of the MISCLASSIFICATION CLASS consistent with the requirements of California Labor Code Section 226(a); (viii) whether DEFENDANTS maintained accurate records of the gross and net wages earned and all applicable hourly rates and the corresponding number of hours worked at each hourly rate for the MISCLASSIFICATION CLASS; (ix) whether the MISCLASSIFICATION CLASS sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; (x)

whether DEFENDANTS engaged in unfair business practices in violation of California Business & Professions Code 17200 *et seq*.

29. These common issues of fact and law predominate over any individualized issues.

30. PLAINTIFF's claims are typical of the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS members in that the PLAINTIFF and the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS members were exposed to the same unlawful, systematic and companywide policies discussed herein.

31. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. PLAINTIFF and her counsel will fairly and adequately protect the interests of the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS.

**FIRST CAUSE OF ACTION**

**Violation of the Fair Labor Standards Act [29 U.S.C. §§ 201, *et seq*.]**

**(By Plaintiff and Collective Action Members Against All Defendants)**

33. PLAINTIFF, on behalf of herself and all Collective Action Members, incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

34. During the Collective Action Period, DEFENDANTS have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

35. During the Collective Action Period, DEFENDANTS employed, and/or continue to employ, PLAINTIFF and each of the Collective Action Members within the meaning of the FLSA.

36. During the Collective Action Period, DEFENDANTS had annual gross revenues in excess of $500,000.

37. PLAINTIFF expressly consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

38. Throughout the Collective Action Period, DEFENDANTS had a policy and practice of failing to pay non-exempt employees overtime rates for time worked in excess of 40 hours per week in violation of the FLSA.

39. As a result of DEFENDANTS' willful failure to compensate its employees, including PLAINTIFF and the Collective Action Members, at overtime rates for all the hours worked in excess of 40 hours in a workweek, DEFENDANTS have violated and continue to violate the FLSA, including Sections 207(a)(1) and 215(a).

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

41. Due to DEFENDANTS' FLSA violations, PLAINTIFF, on behalf of herself and the Collective Action Members, is entitled to recover from Defendant unpaid wages, as well as overtime compensation, an additional amount – equal to the unpaid wages and overtime – as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to § 216(b) of the FLSA.

## SECOND CAUSE OF ACTION

## Failure To Pay Overtime Wages [California Labor Code §§ 510, 1194, and 1197.1]

**(By Plaintiff And NON-EXEMPT CLASS Against All Defendants)**

42. PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

43. At all relevant times, DEFENDANTS failed to compensate PLAINTIFF proper overtime wages for overtime hours worked because of DEFENDANTS' unlawful policy that failed to pay overtime rates for time worked in excess of 40 hours per work week, when such time did not exceed 8 hours in a single work day. Accordingly, during her employment with DEFENDANTS, PLAINTIFF and the NON-EXEMPT CLASS regularly worked overtime hours, without being paid the proper amount of overtime pay.

44. DEFENDANTS' failure to pay PLAINTIFF and the NON-EXEMPT CLASS the unpaid balance of premium overtime compensation violates, among other provisions, sections 510, 1194, 1194.2 and 1197.1 of the Labor Code and applicable Wage Orders and is therefore unlawful.

45. PLAINTIFF and the NON-EXEMPT CLASS are entitled to recover their unpaid overtime compensation, as well as penalties, interest, injunctive relief, costs, and attorneys' fees.

///

///

### THIRD CAUSE OF ACTION

### Failure to Pay Overtime, Straight Time And Minimum Wages [California Labor Code §§ 510, 1194, 1194.2, 1197 and 1197.1]

### (By PLAINTIFF And MISCLASSIFICATION CLASS Against All Defendants)

46. PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

47. At all times during the time of her employment as "executive chef," PLAINTIFF was misclassified as "exempt" from the overtime provisions of the California labor laws.

48. PLAINTIFF and all other members of the MISCLASSIFICATION CLASS, regularly worked in excess of eight (8) hours per day, and/or more than forty (40) hours per workweek.

49. DEFENDANTS failed to pay PLAINTIFF and the MISCLASSIFICATION CLASS overtime wages when those employees worked in excess of eight (8) hours per day and/or forty (40) hours per week.

50. DEFENDANTS also failed to pay PLAINTIFF and the MISCLASSIFICATION CLASS minimum and straight wages for time worked in excess of 8 hours per day and 40 hours per week.

51. PLAINTIFF and the MISCLASSIFICATION CLASS are entitled to recover all unpaid wages, together with interest, penalties and attorneys' fees. Further, and pursuant to Labor Code Section 1194.2, PLAINTIFF and the MISCLASSIFICATION CLASS are entitled to recover to a liquidated damage equal to in an amount equal to the minimum wages unlawfully unpaid and interest thereon.

### FOURTH CAUSE OF ACTION

### Failure To Provide Meal Periods [California Labor Code §§ 226.7, 226.7(b), and 512]

### (By PLAINTIFF And MISCLASSIFICATION CLASS Against All Defendants)

52. PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

53. At all relevant times, the applicable IWC Wage Order and California Labor Code Section 226.7 governed PLAINTIFF and the MISCLASSIFICATION CLASS employment by DEFENDANTS.

54. At all relevant times, California Labor Code Section 226.7 provided that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.

55. DEFENDANTS required PLAINTIFF and the MISCLASSIFICATION CLASS to work five (5) or more hours without authorizing or permitting an uninterrupted, duty-free thirty (30) minute meal period.

56. DEFENDANTS failed to pay PLAINTIFF and the MISCLASSIFICATION CLASS the full missed-meal period premium due pursuant to California Labor Code Section 226.7.

57. DEFENDANTS conduct violates the applicable IWC Wage Orders and California Labor Code Sections 226.7, 226.7(b), and 512.

58. Pursuant to the applicable IWC Wage Order and California Labor Code Section 226.7(b), PLAINTIFF and the MISCLASSIFICATION CLASS are entitled to recover one additional hour of pay at the employee's regular hourly rate of compensation for each work day that the meal period was not provided.

## FIFTH CAUSE OF ACTION

### Failure To Provide Rest Breaks [California Labor Code § 226.7]

**(By PLAINTIFF And MISCLASSIFICATION CLASS Against All Defendants)**

59. PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

60. At all relevant times, the applicable IWC Wage Order and California Labor Code Section 226.7 governed PLAINTIFF and the MISCLASSIFICATION CLASS employment by DEFENDANTS.

61. At all relevant times, California Labor Code Section 226.7 provided that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

62. DEFENDANTS required PLAINTIFF and the MISCLASSIFICATION CLASS to work four (4) or more hours without authorizing or permitting an uninterrupted ten (10) minute rest period per each four (4) hour period worked.

63. DEFENDANTS failed to pay PLAINTIFF and the MISCLASSIFICATION CLASS the full missed-rest period premium due pursuant to California Labor Code Section 226.7.

64. DEFENDANTS conduct violates the applicable IWC Wage Orders and California Labor Code Section 226.7.

65. Pursuant to the applicable IWC Wage Order and California Labor Code Section 226.7(b), PLAINTIFF and the MISCLASSIFICATION CLASS are entitled to recover one additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

## SIXTH CAUSE OF ACTION

### Failure To Provide Proper Wage Statements [California Labor Code § 226(a)]

### (By PLAINTIFF, NON-EXEMPT CLASS And MISCLASSIFICATION CLASS Against All Defendants)

66. PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

67. California Labor Code section 226(a) sets forth reporting requirements for employers when they pay wages: "Every employer shall . . . at the time of each payment of wages, furnish each of his or her employees . . . an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . . (5) net wages earned . . . , and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Cal. Lab. Code § 226(a). "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Cal. Lab. Code § 226(e)(1). "An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by . . . subdivision (a) . . . ."

68. DEFENDANTS intentionally failed to furnish PLAINTIFF, the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS complete and accurate wage statements upon each payment of wages, in violation of California Labor Code section 226(a). PLAINTIFF, the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS were injured and damaged by these failures because, among other things, these failures led them to believe they were not entitled to be paid wages for overtime and regular wages although they were so entitled.

69. Pursuant to section 226(e) of the Labor Code, or other applicable law, PLAINTIFF, the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS are entitled to recover statutory penalties, interest, injunctive relief, costs, and attorneys' fees.

### SEVENTH CAUSE OF ACTION

### Wages Not Timely Paid Upon Termination [Labor Code §§ 201 and 202]

### (By PLAINTIFF, NON-EXEMPT CLASS And MISCLASSIFICATION CLASS Against All Defendants)

70. PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

71. At all relevant times, California Labor Code Sections 201 and 202 provided that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

72. Defendants willfully failed to pay PLAINTIFF and members of the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving DEFENDANTS' employ.

73. DEFENDANTS' failure to pay PLAINTIFF and class members all wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code Sections 201 and 202.

74. California Labor Code Section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

75. PLAINTIFF and members of the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS are entitled to recover from DEFENDANTS the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code Section 203.

**EIGHTH CAUSE OF ACTION**

**Unfair Business Practices [California Business and Professions Code § 17200]**

**(By PLAINTIFF, NON-EXEMPT CLASS And MISCLASSIFICATION CLASS Against All Defendants)**

76. PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

77. DEFENDANTS' acts constitute continuing and ongoing unlawful activity prohibited by the Unfair Competition Law, California Business and Professions Code Sections 17200, *et seq.* ("UCL") and justify restitution, injunctive relief, together with any other remedy available pursuant to California Business and Professions Code Section 17203.

78. California Labor Code section 90.5 articulates the public policy of California to vigorously enforce minimum labor standards, including the requirements to properly pay employees for all hours worked, provide accurate itemized wage statements and keep payroll records pursuant to the applicable Labor Code provisions and Wage Orders. DEFENDANTS' conduct of, among other things, requiring PLAINTIFF and members of the NON-EXEMPT CLASS and MISSCLASSIFICATION CLASS to work without providing accurate itemized statements, providing meal and rest periods and failing to pay for all hours worked, including minimum, straight and overtime wages directly violates state law, constitutes unfair competition and unlawful and unfair acts and practices within the meaning of the UCL.

79. For the four (4) years preceding this lawsuit, DEFENDANTS engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, including, but not limited to: (i) failing to compensate PLAINTIFF, the NON-EXEMPT CLASS and MISSCLASSIFICATION CLASS for all regular and overtime hours worked and at the proper minimum wage rate, regular rate and/or overtime wage rate; (ii) failing to furnish PLAINTIFF and the NON-EXEMPT CLASS and MISSCLASSIFICATION CLASS timely itemized statements accurately showing the gross and net wages earned and all applicable hourly rates and the corresponding number of hours worked at each hourly rate and (iii) failing to provide PLAINTIFF and members of the MISCLASSIFICAITON CLASS compliant meal and rest periods.

80. DEFENDANTS' use of such unlawful and unfair business practices constitutes unfair competition and provides an unfair advantage over its competitors.

81. DEFENDANTS' wrongful business practices have caused injury to PLAINTIFF, the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS, depriving them of the minimum working standards and conditions due them under California law and the Industrial Welfare Commission Wage Orders.

82. Pursuant to section 17203 of the California Business and Professions Code, PLAINTIFF seeks an order of this court enjoining DEFENDANTS from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the complaint. PLAINTIFF also seeks an order requiring DEFENDANTS to make full restitution of all moneys it wrongfully obtained from PLAINTIFF, the NON-EXEMPT CLASS and the MISCLASSIFICATION CLASS.

## NINTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 2698, *et seq.*)**

**(By Plaintiff Against all Defendants)**

83. PLAINTIFF incorporates by this reference the relevant allegations in this pleading as if fully set forth herein.

.

84. The Private Attorneys General Act of 2004 ("PAGA") expressly establishes that any provision of the California Labor Code of which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA"), or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

85. On May 7, 2019, PLAINTIFF provided written notice to the LWDA and DEFENDANTS of the specific provisions of the Labor Code she contends were violated, and the theories supporting her contentions. Attached hereto as Exhibit A and incorporated by reference is a copy of the written notice to the LWDA. PLAINTIFF has exhausted the statutory time period to bring this action.

86. PLAINTIFF is an "aggrieved employee" as defined by Labor Code section 2699(c) in that she is a former employee of DEFENDANTS, and one or more of the alleged violations was committed against her.

87. PLAINTIFF alleges that DEFENDANTS violated the PAGA by including that Defendants violated California Labor Code §§ 201, 202, 203, 226(a), 226.7, 510, 558, 1194, and 1194.2.

**Failure to Pay Overtime, Straight Time and Minimum Wages**

88. DEFENDANTS' failure to pay PLAINTIFF overtime in violation of the Wage Orders and California Labor Code sections 510 and 1194 and 1197.1as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 510 and 1194 and 1197.1.

**Failing to Provide Meal Periods**

89. DEFENDANTS' failure to provide PLAINTIFF with legally required meal periods in violation of Wage Orders and California Labor Code sections 226.7 and 512(a), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 226.7 and 512(a) and 226.7(b).

**Failure to Provide Rest Periods**

90. DEFENDANTS' failure to provide PLAINTIFF with legally required rest periods in violation of the Wage Orders and California Labor Code section 226.7, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226.7.

**Failure to Timely Pay Wages Upon Termination**

91. DEFENDANTS' failure to timely pay PLAINTIFF wages upon termination in violation of California Labor Code sections 201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 201 and 202.

**Failure to Provide Compliant Wage Statements**

92. DEFENDANTS' failure to provide compliant wage statements in violation of California Labor Code section 226(a), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

93. Pursuant to California Labor Code section 2699, PLAINTIFF individually requests and is entitled to recover from DEFENDANTS all civil penalties and other amounts awardable under the law.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief and judgment as follows:

1. Wages, civil penalties, and applicable statutory penalties;
2. General and compensatory damages;
3. Liquidated damages;
4. Restitution;
5. Pre-judgment and post-judgment interest;
6. Attorneys' fees and costs reasonably incurred;
7. Punitive and/or exemplary damage, if allowed;
8. Injunctive relief as described herein;
9. Equitable relief, if allowed;
10. Such other relief that the Court deems proper.

Dated:  October 26, 2020                              **HARDIN LAW GROUP, APC**

By: _____
James Hardin
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated: October 26, 2020

**HARDIN LAW GROUP, APC**

By: _____
James Hardin
Attorneys for Plaintiff